**POOLE & SHAFFERY, LLP**
David S. Poole (SBN 94690)
  dpoole@pooleshaffery.com
Brian E. Koegle (SBN 218800)
  bkoegle@pooleshaffery.com
Samuel R.W. Price (SBN 255611)
  sprice@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 439-5390
(213) 439-0183 Facsimile

Attorneys for Plaintiff
GILSULATE INTERNATIONAL, INC.

**LeClairRyan LLP**
James C. Potepan (SBN 107370)
   Email: james.potepan@leclairryan.com
James C. Hildebrand  (SBN 150319)
   Email: james.hildebrand@leclairryan.com
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017
Telephone:(213) 488-0503
Facsimile: (213) 624-3755

Attorneys for Defendants
DRITHERM INTERNATIONAL, INC.
and JARED SANDMAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GILSULATE INTERNATIONAL, INC. <br><br> Plaintiff, <br><br> vs. <br><br> DRITHERM INTERNATIONAL, INC., a New Jersey corporation; JARED SANDMAN, an Individual; and DOES 1 through 10, inclusive <br><br> Defendants. | Case No.: 2:13-cv-01012-RSWL-JPR <br><br> **DISCOVERY MATTER** <br><br> **PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION** |

///

---
1
**PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION**

Having received and considered the parties' Stipulation for Entry of Protective Order, and good cause appearing,

**IT IS HEREBY ORDERED** that if, in the course of these proceedings, any Party or non-party has the occasion to disclose information deemed in good faith to constitute confidential information of the type contemplated by Rule 26(c) of the Federal Rules of Civil Procedure, through formal discovery or otherwise, the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the Parties in the above-captioned action (the "Action"), or provided by or obtained from non-parties to this Action.

## I.    SCOPE

1.    This Stipulated Protective Order shall be applicable to and govern any document, thing, or information that is designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, as defined herein[1] and that is produced or disclosed by any Party or non-party in connection with the above-captioned action (the "Action").  Documents and other information produced in this Action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used only for purposes of this Action.  The forms of information which may be subject to this Stipulated Protective Order include, but are not limited to, documents and things, responses to requests to produce documents, responses to interrogatories, responses to requests for admissions, subpoenaed documents, deposition testimony and exhibits, deposition transcripts, and all copies, extracts, summaries, compilations, designations and portions thereof (hereinafter referred to collectively as "Discovery Materials").

---

[1] For the purpose of this order, "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" have the same meaning and effect and can be used interchangeably.

2. In designating Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," a Party shall make such a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL only for Discovery Materials which that Party in good faith believes contain information which is not public, such as trade secret or other confidential, competitive, or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the Party is otherwise required to keep confidential by agreement or law.

3. All Discovery Materials produced in discovery in this Action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used solely for the purpose of pre-trial proceedings (including, but not limited to, motions and briefing), settlement, trial preparation, trial, and appeals in connection with this Action. Discovery Materials shall not be used for any business or non-litigation related purpose whatsoever.

## II. DEFINITIONS

4. The following definitions apply in this Protective Order:

(a) The designation "CONFIDENTIAL" may be applied by any Party or non-party to Discovery Materials that contain information that is not publically available, including but not limited to commercially sensitive information such as sales, costs, pricing, profitability, and customers.

(b) For a designation of Discovery Materials as "HIGHLY CONFIDENTIAL," the Party must additionally believe in good faith that the Discovery Materials must be protected from disclosure to the Parties themselves in this litigation and must be subject to the restricted disclosure provided for below because such Discovery Materials are comprised of and/or contain highly sensitive competitive business information. The designation "HIGHLY CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be applied by any party to highly sensitive forms of information, including, but not limited to: (i) trade secrets as defined in Cal. Civ. Code § 3426.1(d); (ii) proprietary and patented formulations, which if disclosed would facilitate the creation, manufacture, duplication, and/or distribution of that Party's property by the other Party; and/or (iii) extremely sensitive "CONFIDENTIAL" information or items that if disclosed to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means.

(c) "CONFIDENTIAL INFORMATION" refers to all information that is subject to the designations "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as described above.

(d) "Party" means every party to this Action and every director, officer, employee, and managing agent of every party to this Action.

(e) "Order" means this Protective Order.

(f) The scope of this Protective Order shall be understood and interpreted to encompass not only those items or things which consist of or include CONFIDENTIAL INFORMATION, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral statements derived therefrom or related thereto.

(g) "Producing Party" means a Party or non-party that produces disclosure or Discovery Materials in this Action.

(h) "Receiving Party" means a Party that receives disclosure or Discovery Materials from a Producing Party.

(i) "Designating Party" means a Party or non-party that designates Discovery Materials or other information as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## III. TERMS OF THE PROTECTIVE ORDER

### A. Designation

5. The designation of CONFIDENTIAL INFORMATION as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" should be used as sparingly as possible and in the following manner:

(a) For documents, by placing the appropriate designation on each page of the document;

(b) For tangible objects, by placing a label or tag with the appropriate designation on the object or the container therefor, or, if not practicable, as otherwise agreed;

(c) For written responses to discovery by placing the appropriate designation on the page(s) containing the relevant responses and on the face of the document containing such designations; and

(d) For depositions, during the deposition or in writing within twenty (20) days after receipt by the Designating Party of the transcript of the deposition.

### B. Manner of Designating Documents

6. A Party shall designate documents containing CONFIDENTIAL INFORMATION by placing a legend in plain view on each page of any document that the Party wishes to protect against disclosure or use pursuant to this Order. This legend shall state "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

### C. Manner of Designating Depositions

7. A deposition transcript comprising or containing CONFIDENTIAL INFORMATION shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by requesting such treatment thereof either on the record at the

time of the deposition or by written notice after service of the deposition transcript. If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall instruct the court reporter to stamp or mark each page of the transcript containing the CONFIDENTIAL INFORMATION with the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The requesting party may also instruct the court reporter to separately bind the pages of the transcript that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition transcript, such written notice shall be mailed to all other parties within twenty (20) days after completion and service of the transcript by the court reporter. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order. Documents or things used as exhibits at a deposition that a Party desires to be subject to this Order shall be separately stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the manner described above.

8. The Parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in paragraph 15 for a period of twenty-five (25) days after completion and service of the transcript by the court reporter in order to give adequate time for a Party or non-party to provide written notice to designate deposition testimony or exhibits used at depositions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," except that deposition transcripts and exhibits used at depositions may be filed under seal with the Court in accordance with paragraph 19 for use in connection with the proceedings in this Action at any time.

D. **Designation of Information Produced by Non-Parties**

9. Any Party may designate documents or things produced by a non-party pursuant to a subpoena or otherwise as "CONFIDENTIAL" or "HIGHLY

**PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION**

CONFIDENTIAL" by providing written notice to each other Party within fifteen (15) days of receipt of the documents or things produced by the non-party. Such written notice shall specifically identify each page of each document or each thing produced by the non-party that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order.

### E. Inadvertent Production

10. Each Party retains the right to subsequently re-designate Discovery Materials and to require such Discovery Materials to be treated in accordance with such designations from that time forward. An inadvertent or unintentional failure to designate qualified information or things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be construed as a waiver, in whole or in part, of (a) any Party's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or subsequent to that date, or (b) any Party's right to designate said material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order. In the event of an inadvertent or unintentional failure to designate qualified information or things, the Producing Party shall promptly notify the Receiving Party that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The Producing Party shall further provide the Receiving Party with substitute copies of the affected documents, marked with the appropriate confidentiality designation in accordance with this Order.

11. Upon receiving notice of the confidentiality designation of previously-produced materials, the Receiving Party shall take reasonable steps to retrieve and destroy all undesignated copies of the materials, and shall treat the newly designated materials according to their confidentiality designation under this Order. Prior to a change in designation by the Producing Party, however, the Receiving Party shall not be precluded from using the information according to its then-existing

7
PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION

designation or as undesignated if it had no previous designation. No Party shall be deemed to be in violation of this Order with respect to the disclosure of any Discovery Materials to any other persons prior to the designation of the Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order.

12. Inadvertent or unintentional production of privileged or work product information will not be construed as an intentional waiver, in whole or in part, of the privileged or the work product status of the information inadvertently or unintentionally disclosed. In the event of an inadvertent or unintentional production of privileged or work product information, the Producing Party shall promptly notify the Receiving Party that the information is privileged or is work product. The Producing Party shall further provide the Receiving Party with substitute copies of the affected documents in which the privileged or work product information has been redacted.

13. Upon receiving notice of the Producing Party's claim of the privileged or work product status of previously-produced information, the Receiving Party shall take reasonable steps to retrieve and destroy all un-redacted copies of the materials containing the privileged or work product information.

F. **Access to Confidential Information**

14. Discovery Materials designated as "CONFIDENTIAL" may be disclosed by the Receiving Party to only the following persons:

(a) outside attorneys of record for any Party in connection with this Action ("Outside Counsel"), and to the support personnel employed by Outside Counsel including law clerks, paralegals, assistants, secretaries, and clerical staff;

(b) organizations retained by Outside Counsel to provide litigation support services in this Action, including, but not limited to, document imaging services and services producing graphic or visual

aids, provided, however, that before any such person is permitted access to any CONFIDENTIAL INFORMATION, such person or a supervising individual in his or her organization shall have signed the "Non-Disclosure Agreement" (Exhibit A);

     (c)    independent outside experts and consultants retained by Outside Counsel or a Party in connection with this Action, provided, however, that any such expert or consultant meets the conditions set forth in paragraph 16, and further provided that before any such person is permitted access to any CONFIDENTIAL INFORMATION, such person or a supervising individual in his or her organization shall have signed the "Non-Disclosure Agreement" (Exhibit A);

     (d)    the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for the handling of this litigation and who have signed the "Non-Disclosure Agreement" (Exhibit A);

     (e)    any court or other shorthand reporters, videographers, translators, or interpreters involved in the taking, recording, transcribing, or translating testimony in this Action;

     (f)    any mediator retained by the Parties to assist them in alternative dispute resolution proceedings relating to this Action on a confidential basis;

     (g)    the author of the document containing the CONFIDENTIAL INFORMATION, or persons to whom such document or copies thereof were addressed or delivered;

     (h)    the Court and its personnel and all appropriate courts of appellate jurisdiction; and

     (i)    such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

### G. Access to Highly Confidential Information

15. Discovery Materials designated as "HIGHLY CONFIDENTIAL" may be disclosed by the Receiving Party to only the following persons:

(a) outside attorneys of record for any Party in connection with this Action ("Outside Counsel"), and to the support personnel employed by Outside Counsel including law clerks, paralegals, assistants, secretaries, and clerical staff;

(b) organizations retained by Outside Counsel to provide litigation support services in this Action, including, but not limited to, document imaging services and services producing graphic or visual aids, provided, however, that before any such person is permitted access to any CONFIDENTIAL INFORMATION, such person or a supervising individual in his or her organization shall have signed the "Non-Disclosure Agreement" (Exhibit A);

(c) independent outside experts and consultants retained by Outside Counsel or a Party in connection with this Action, provided, however, that any such expert or consultant meets the conditions set forth in paragraph 16, and further provided that before any such person is permitted access to any CONFIDENTIAL INFORMATION, such person or a supervising individual in his or her organization shall have signed the "Non-Disclosure Agreement" (Exhibit A);

(d) any court or other shorthand reporters, videographers, translators, or interpreters involved in the taking, recording, transcribing, or translating testimony in this Action;

(e) any mediator retained by the Parties to assist them in alternative dispute resolution proceedings relating to this Action on a confidential basis;

(f) the author of the document containing the

10
**PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION**

CONFIDENTIAL INFORMATION, or persons to whom such document or copies thereof were addressed or delivered;

(g) the Court and its personnel and all appropriate courts of appellate jurisdiction; and

(h) such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

### H. Further Requirements Concerning the Handling of Confidential Information

16. The outside experts and consultants referenced in paragraphs 14(c) and 15(c) shall not include any of the following: (a) the Parties to the Action; (b) present or former officers, directors, members, employees, servants, investors, suppliers, vendors, subcontractors, agents, or other representatives acting on a Party's behalf; or (c) known business competitors to any of the Parties to this Action.

17. Prior to receiving any CONFIDENTIAL INFORMATION, the persons or entities specified in paragraphs 14(b), (c), and (d) and in paragraphs 15(b) and (c) shall be provided with a copy of this Protective Order and shall execute a Non-Disclosure Agreement in the form of Exhibit A. The originals of such executed Non-Disclosure Agreements shall be maintained by counsel for the Party who obtained such until no less than six (6) months after the final resolution of this litigation. A copy of each Non-Disclosure Agreement executed by the persons specified in paragraphs 14(b) and (d) and in paragraph 15(b) shall be provided to counsel of record for each Party upon request. A copy of each Non-Disclosure Agreement executed by the persons specified in paragraph 14(c) and in paragraph 15(c) shall be provided to counsel of record for each Party upon request, but only with respect to disclosed experts and only after expert disclosures have been made in accordance with the Federal Rules of Civil Procedure or court order. A copy of each Non-Disclosure Agreement executed by non-disclosed experts and consultants shall be provided only upon order of the court for good cause shown.

18. The recipient of any CONFIDENTIAL INFORMATION that is provided under this Order and has agreed to be bound by its terms shall maintain such Discovery Materials in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such Discovery Materials as is exercised by the recipient with respect to its own proprietary information.

### I.   Filing Confidential Documents with the Court

19. All information designated as CONFIDENTIAL INFORMATION which is to be filed or lodged with the Court, or any pleading, memorandum, declaration, exhibit or other document purporting to reproduce or paraphrase such information, shall be filed under seal in accordance with Local Rule 79-5.1.

### J.   Effect of Confidential Designations

20. The designation of Discovery Materials as CONFIDENTIAL INFORMATION shall be deemed effective unless and until the Court orders otherwise or the Designating Party withdraws the designation.

21. A Party shall not be obligated to challenge the propriety of a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the Designating Party written notice of its disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court, but must comply fully with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.  In any challenge to a designation, the Designating Party bears the burden of proof to establish the necessity of the designation, except that the Party bringing such motion shall have the burden of proving that the information designated as CONFIDENTIAL INFORMATION has been publically disclosed or

was in possession of the Receiving Party prior to its disclosure through discovery in this Action.

### K.  Exceptions to this Order

22. The provisions of this Order shall not apply to, and any Party may seek to remove the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" of any information (a) available to the public at the time of its production hereunder, (b) available to the public after the time of its production through no act, or failure to act, by the Receiving Party, its counsel, representatives, experts, or consultants, or (c) obtained from a non-party having the right to disclose the information.  The Receiving Party shall have the burden of proving that the information should not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the grounds set forth in this paragraph.

23. Nothing in this Order shall preclude any Party to the lawsuit or their attorneys from (a) showing Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to an individual who either prepared or reviewed the Discovery Materials prior to the filing of this action, or (b) disclosing or using, in any manner or for any purpose, Discovery Materials from the Party's own files which the Party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

### L.  Unauthorized Disclosure of Confidential Information

24. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request that such person or persons execute the "Non-Disclosure Agreement" (Exhibit A).

### M. Final Disposition of Action

25. After the final disposition of this Action, including appeals, any Party may serve written notice on the other Parties demanding that counsel of record for each Party promptly destroy, or see to the destruction of, all CONFIDENTIAL INFORMATION and all writings related thereto that are not in the custody of the Court, and certify to the Designating Party that such destruction has been done. As an exception to the above, counsel of record may retain a file copy of any pleadings or other documents filed with the Court, written discovery responses, and transcripts of depositions and trial testimony, together with all exhibits thereto. Counsel for the Parties may also retain copies of their work product that incorporates, describes, or refers to CONFIDENTIAL INFORMATION. The copies of these retained documents shall be treated as "HIGHLY CONFIDENTIAL."

### N. Survival of Terms

26. Absent written modification hereof by the Parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of CONFIDENTIAL INFORMATION shall survive the final disposition of this Action and shall continue to be binding on all persons subject to the terms of this Order.

### O. Violation of Order

27. In the event anyone shall violate or threaten to violate any term of this Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved Party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy of law. The Parties and any other person subject to the terms of this Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Order, although a magistrate judge may not grant injunctive relief. In the event that any CONFIDENTIAL INFORMATION is disclosed by a Receiving Party, or any

other person authorized to receive CONFIDENTIAL INFORMATION, in violation of this Order, the CONFIDENTIAL INFORMATION shall not lose its status as CONFIDENTIAL INFORMATION through such disclosure, and the Parties shall take all steps reasonably required to assure its continued confidentiality.

### P.    Subpoena in Another Action

28.    A Receiving Party that is served with a subpoena or other compulsory process seeking the production of CONFIDENTIAL INFORMATION shall promptly, and before producing such materials, notify the requesting party of this Order, and notify counsel for the Designating Party of the receipt of such compulsory process and provide counsel for the Designating Party with copies of that process.  Nothing in this Order, however, shall be construed as authorizing or requiring a Party to disobey a lawful subpoena issued in connection with another action or proceeding.

### Q.    Right to Assert Other Objections

29.    By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.  Nothing herein affects, in any way, the admissibility of any document, testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews or sources other than via the discovery process or voluntary disclosure of information by any Party conducted under the terms of this Order.

### R.    Use of Confidential Information at Trial

30.    The Court will determine, in its sole discretion, how documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will be treated during the trial of this Action. The Parties agree to request, prior to trial, that the Court make an appropriate order to maintain the confidentiality of

CONFIDENTIAL INFORMATION during the course of the trial to the extent practicable.

### S. Modification of Order

31. Nothing herein shall preclude any Party upon proper notice to all other Parties from applying to the Court for any modification of this Order, for relief from the restrictions contained in this Order, or for further or additional protective orders.

Good cause having been found, **IT IS SO ORDERED**.

DATED: September 17, 2013

_____
The Honorable Jean P. Rosenbluth
UNITED STATE MAGISTRATE JUDGE

# EXHIBIT A
# NON-DISCLOSURE AGREEMENT

I, _____, state that:

1. My address is:
   _____
   _____.

2. My current employer is:
   _____.

3. My present occupation or job title is:
   _____.

4. I have received a copy of the **PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION**, which was entered by the Court on _____, 2013 in Gilsulate International, Inc. v. Dritherm International, Inc., *et al*., Case No. 2:13-cv-01012-RSWL-JPR, pending in the United States District Court for the Central District of California. I have carefully read and understand the provisions of the Protective Order.

5. I agree to comply with and be bound by all provisions of the Protective Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. I agree that I will not use or disclose in any manner any "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials except in strict compliance with the provisions of this Protective Order. I understand that unauthorized disclosure of materials designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or

**PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION**

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" constitutes a breach of the Protective Order, and I understand that failure to comply with the Protective Order could expose me to sanctions and punishment in the nature of contempt.

7. I agree to submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this case.

8. I agree to return all documents containing "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the attorneys who presented this Acknowledgment to me within sixty (60) days after the conclusion of this litigation whether by dismissal, final judgment, or settlement.

Dated: _____  _____
SIGNATURE

_____
PRINT NAME