1  JAMES C. POTEPAN (SBN 107370)
   Email: james.potepan@leclairryan.com
2  JAMES C. HILDEBRAND (SBN 150319)
   Email: james.hildebrand@leclairryan.com
3  LeClairRyan LLP
   725 S. Figueroa Street, Suite 350
4  Los Angeles, CA 90017
   Telephone: (213) 488-0503
5  Facsimile: (213) 624-3755

6  Attorneys for Defendants
   DRITHERM INTERNATIONAL, INC. and
7  JARED SANDMAN

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  GILSULATE INTERNATIONAL,          CASE NO. CV 13-01012 RSWL (JPRx)
12  INC. a California corporation,
                                       Judge: Hon. Ronald S.W. Lew
13          Plaintiff,                  Complaint Filed: February 12, 2013

14      v.                             MEMORANDUM OF
                                       CONTENTIONS OF FACT AND
15  DRITHERM INTERNATIONAL,            LAW OF DEFENDANTS
    INC., a New Jersey corporation;    DRITHERM INTERNATIONAL,
16  JARED SANDMAN, an individual;      INC. AND JARED SANDMAN
    and DOES 1 through 10, inclusive,
17                                     Pretrial Conf. Date:    06/03/2014
           Defendants.                 Trial Date:             06/17/2014
18

19

20

21          Defendants DriTherm International, Inc. and Jared Sandman submit the

22  following Memorandum of Contentions of Fact and Law pursuant to Central

23  District Local Rule 16-4.

24  ///

25  ///

26  ///

27  ///

28  ///

    13018498                                          CV 13-01012 RSWL (JPRx)

# TABLE OF CONTENTS

Page

I.    Introduction..................................................................................................1

II.   Claims and Defenses (L.R. 16-4.1) ............................................................1

      A.    Summary of Claims Plaintiff Has Pled and Plans to Pursue ................1

      B.    The Elements Required to Establish Plaintiff's Claims.........................1

      C.    Brief Description of the Evidence in Opposition to
            Plaintiff's Claims.................................................................................5

      D.    Summary of Defenses Defendants Have Pled and Plan to Pursue ........9

      E.    The Elements Required to Establish Defendants' Defenses.................9

      F.    Brief Description of the Evidence in Support of
            Defendants' Defenses.........................................................................14

      G.    Statements by Third Parties.................................................................15

      H.    Anticipated Evidentiary Issues............................................................15

      I.    Identification of Issues of Law ...........................................................16

III.  Bifurcation of Issues (L.R. 16-4.3).............................................................16

IV.   Jury Trial (L.R. 16-4.4) .............................................................................16

V.    Attorney Fees (L.R. 16-4.5) .......................................................................17

VI.   Abandonment of Issues (L.R. 16-4.6) .........................................................18

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*adidas-Am., Inc. v. Payless Shoesource, Inc.,*
  546 F. Supp. 2d 1029 (D. Or. 2008) ...................................................... 17

*Bd. of Trustees of the State University of New York v. Fox,*
  492 U.S. 469 (1989) ...................................................................................... 13

*Bolger v. Youngs Drug Prods. Corp.,*
  463 U.S. 60 (1983) ........................................................................................ 13

*California State Bd. of Equalization v. Coast Radio Products,*
  228 F.2d 520 (9th Cir.1955) ...................................................................... 10

*CBS, Inc. v. Merrick,*
  716 F.2d 1292 (9th Cir. 1983) .................................................................. 10

*Central Hudson Gas and Electric Corp. v. Pub. Serv. Comm'n of New York,*
  447 U.S. 557 (1980) ...................................................................................... 13

*City of Cincinnati v. Discovery Network, Inc.,*
  507 U.S. 410 (1993) ...................................................................................... 13

*Danjaq LLC v. Sony Corp.,*
  263 F.3d 942 (9th Cir. 2001) ............................................................... 16, 17

*DC Comics v. Pacific Pictures Corp.,*
  938 F.Supp.2d 941 (C.D. Cal. 2013) ...................................................... 10

*Desert Outdoor Advertising, Inc. v. City of Moreno Valley,*
  103 F.3d 814 (9th Cir. 1996) ..................................................................... 14

*Edenfield v. Fane,*
  507 U.S. 761 (1993) ...................................................................................... 13

*Eliminator Custom Boats v. Am. Marine Holdings, Inc.,*
  ED CV 06-15-VBF EX, 2007 WL 4978243 (C.D. Cal. Nov. 5, 2007) ............... 10

*In re Clorox Consumer Litig.,*
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ................................................ 11

*In re Hassan,*
  376 B.R. 1 (Bankr. D. Kan. 2007) .......................................................... 16

*In re Toyota Motor Corp.,*
  785 F. Supp. 2d 883 (C.D. Cal. 2011) .................................................... 4

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.,*
  304 F.3d 829 (9th Cir. 2002) ............................................................... 9, 16

# TABLE OF AUTHORITIES

Page(s)

*Kennedy v. Jackson Nat. Life Ins. Co.,*
C 07-0371 CW, 2010 WL 4123994 (N.D. Cal. Oct. 6, 2010)................17

*Mattel, Inc. v. MCA Records, Inc.,*
296 F.3d 894 (9th Cir. 2002) ................13

*Momento, Inc. v. Seccion Amarilla USA,*
C 09-1223 SBA, 2009 WL 1974798 (N.D. Cal. July 8, 2009)................5

*Optinrealbig.com, LLC v. Ironport Sys., Inc.,*
323 F. Supp. 2d 1037 (N.D. Cal. 2004) ................2

*SDV/ACCI, Inc. v. AT & T Corp.,*
522 F.3d 955 (9th Cir. 2008) ................12

*Smith v. Chase Mortgage Credit Grp.,*
653 F. Supp. 2d 1035 (E.D. Cal. 2009) ................17

*Southland Sod Farms v. Stover Seed Co.,*
108 F.3d 1134 (9th Cir. 1997) ................2

*Stephen W. Boney, Inc. v. Boney Servs.,*
127 F.3d 821 (9th Cir.1997) ................17

*Sunnyside Dev. Co., LLC v. Opsys Ltd.,*
C 05-0553 MHP, 2007 WL 2462141 (N.D. Cal. Aug. 29, 2007) ................5

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,*
425 U.S. 748 (1976) ................13

*Watec Co., Ltd. v. Liu,*
403 F.3d 645 (9th Cir. 2005) ................17

*Yumul v. Smart Balance, Inc.,*
733 F.Supp.2d 1117 (C.D. Cal. 2010) ................9, 11

STATE CASES

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
20 Cal. 4th 163 (1999) ................4

*County of Fresno v. Lehman,*
229 Cal. App. 3d 340 (1991) ................11

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
11 Cal. 4th 376 (1995) ................13

*Edwards v. Arthur Andersen LLP,*
44 Cal. 4th 937 (2008) ................3

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1

# TABLE OF AUTHORITIES

2

Page(s)

3

4

*Guess, Inc. v. Superior Court,*
  176 Cal. App. 3d 473 (1986) ...........................................................2, 10

5

*Hodge v. Superior Court,*
  145 Cal. App. 4th 278 (2006) ...............................................................17

6

7

*In re Tobacco II Cases,*
  46 Cal. 4th 298 (2009) ............................................................................4

8

*Korea Supply Co. v. Lockheed Martin Corp.,*
  29 Cal. 4th 1134 (2003) ...................................................................13, 17

9

10

*Kwikset Corp. v. Superior Court,*
  51 Cal. 4th 310 (2011) .............................................................................4

11

*Lundquist v. Reusser,*
  7 Cal. 4th 1193 (1994) ...........................................................................12

12

13

*Reynolds Metals Co. v. Alperson,*
  25 Cal. 3d 124 (1979) ......................................................................13, 17

14

*Rose v. Bank of Am., N.A.,*
  57 Cal. 4th 390 (2013) ...........................................................................18

15

16

*Sullivan v. Oracle Corp.,*
  51 Cal. 4th 1191 (2011) ...........................................................................4

17

*Trembath v. Digardi,*
  43 Cal. App. 3d 834 (1974) ...................................................................10

18

**FEDERAL STATUTES AND RULES**

19

15 U.S.C. § 1117(a) ...................................................................................17

20

**STATE STATUTES AND RULES**

21

Cal. Bus. & Prof. Code § 17208 ...............................................................10

22

Cal. Bus. & Prof. Code § 17200 .................................................................3

23

Cal. Bus. & Prof. Code § 17204 .................................................................3

24

Cal. Bus. and Prof. Code § 17500............................................... passim

25

Cal. Bus. & Prof. Code § 17535 .................................................................5

26

Cal. Civ. Code § 47(c) ..............................................................................12

27

Cal. Code of Civ. Proc. § 338 ....................................................................9

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

<u>Page(s)</u>

**OTHER**

9th Cir. Civ. Jury Instr. 5.3 ......................................................................12

CACI No. 1720 ......................................................................................12

CACI No. 1723 ......................................................................................12

CACI No. 1731 ........................................................................................2

CACI No. 2202 ........................................................................................3

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I.    INTRODUCTION

This is an action by Gilsulate International, Inc. ("Plaintiff") against DriTherm International, Inc. and its principal, Jared Sandman ("Defendants"). Plaintiff and Defendants are both engaged in selling mineral powders that are used to insulate underground pipes.  Plaintiff alleges in its complaint, in essence, that Defendants made false or misleading representations about the parties' respective products in connection with the promotion of the DriTherm product.   Plaintiff asserts claims against Defendants for false advertising, trade libel, intentional interference with prospective economic advantage, and unfair competition. Defendants dispute Plaintiff's contentions.

## II.    CLAIMS AND DEFENSES (L.R. 16-4.1)

### A.    Summary of Claims Plaintiff Has Pled and Plans to Pursue

Plaintiff has pled the following claims in its complaint:

1.    False Advertising Under the Lanham Act;

2.    Trade Libel;

3.    Intentional Interference with Prospective Economic Advantage;

4.    Violations of Cal. Bus. & Prof. Code § 17200; and

5.    Violations of Cal. Bus. & Prof. Code § 17500.

### B.    The Elements Required to Establish Plaintiff's Claims

#### 1.    False Advertising Under the Lanham Act

To establish a Lanham Act § 43(a) false advertising claim, a plaintiff must prove all of the following:

a.    a false statement of fact by the defendant in a commercial advertisement about its own or another's product;

b.    the statement actually deceived or has the tendency to deceive a substantial segment of its audience;

c.    the deception is material, in that it is likely to influence the purchasing decision;

1      d.     the defendant caused its false statement to enter interstate commerce;

2            and

3      e.     the plaintiff has been or is likely to be injured as a result of the false

4            statement, either by direct diversion of sales from itself to defendant or

5            by a lessening of the goodwill associated with its products.

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

### 2.  Trade Libel

To establish a claim for trade libel, a plaintiff must prove all of the following:

a.     that defendant made a statement that disparaged the quality of the plaintiff's product or service;

b.     that the statement was made to a person other than plaintiff;

c.     that the statement was untrue;

d.     that defendant knew that the statement was untrue or acted with reckless disregard of the truth or falsity of the statement;

e.     that defendant knew or should have recognized that someone else might act in reliance on the statement, causing plaintiff financial loss;

f.     that plaintiff suffered direct financial harm because someone else acted in reliance on the statement; and

g.     that defendant's conduct was a substantial factor in causing plaintiff's harm.

Judicial Council of Cal. Civil Jury Inst. ("CACI") No. 1731; *see also Optinrealbig.com, LLC v. Ironport Sys., Inc.*, 323 F. Supp. 2d 1037, 1048 (N.D. Cal. 2004) (citing *Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (1986)).

### 3.  Intentional Interference with Prospective Economic Advantage

To establish a claim for intentional interference with prospective economic advantage, a plaintiff must prove all of the following:

1      a.     that plaintiff and a third party were in an economic relationship that

2               probably would have resulted in an economic benefit to plaintiff;

3      b.     that defendant knew of the relationship;

4      c.     that defendant engaged in the conduct determined to be wrongful;

5      d.     that by engaging in this conduct, defendant intended to disrupt the

6               relationship or knew that disruption of the relationship was certain or

7               substantially certain to occur;

8      e.     that the relationship was disrupted;

9      f.     that plaintiff was harmed; and

10     g.     that defendant's conduct was a substantial factor in causing plaintiff's

11              harm.

12 CACI No. 2202; *see also Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 944

13 (2008).

14          **4.**    **Violations of Cal. Bus. & Prof. Code § 17200**

15      Plaintiff asserts a claim for unfair competition pursuant to California's Unfair

16 Competition Law.  Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

17      As an initial matter, Plaintiff must establish that it has standing to assert a

18 UCL claim.  This requires Plaintiff to show that it "has suffered injury in fact and

19 has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof.

20 Code § 17204.

21      Section 17200 prohibits "any unlawful, unfair or fraudulent business act or

22 practice and unfair, deceptive, untrue or misleading advertising and any act

23 prohibited by … [section 17500] … of the Business and Professions Code."

24      California's Supreme Court has established the following test for unfair acts

25 by competitors under § 17200:

26           When a plaintiff who claims to have suffered injury from

27           a direct competitor's "unfair" act or practice invokes

28           section 17200, the word "unfair" in that section means

1     conduct that threatens an incipient violation of an antitrust

2     law, or violates the policy or spirit of one of those laws

3     because its effects are comparable to or the same as a

4     violation of the law, or otherwise significantly threatens

5     or harms competition.

6   *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th

7   163, 187 (1999).

8       With respect to the "unlawful" prong of section 17200, "[b]y proscribing

9   'any unlawful' business practice, section 17200 'borrows' violations of other laws

10  and treats them as unlawful practices that the unfair competition law makes

11  independently actionable. *Id.* at 180 (quotations and citation omitted). Thus, to

12  establish a claim against Defendants under the "unlawful" prong of section 17200,

13  Plaintiff must establish that Defendants violated some other law in connection with

14  a relevant business act or practice.

15      Under the fraud prong, the Plaintiff "must demonstrate actual reliance on the

16  allegedly deceptive or misleading statements, in accordance with well-settled

17  principles regarding the element of reliance in ordinary fraud actions." *In re*

18  *Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009); *see also Kwikset Corp. v. Superior*

19  *Court*, 51 Cal. 4th 310, 327 (2011) ("a UCL fraud plaintiff must allege he or she

20  was motivated to act or refrain from action based on the truth or falsity of a

21  defendant's statement, not merely on the fact it was made").

22      In addition, because the UCL does not reach conduct that occurs wholly

23  outside of California, Plaintiff must establish that the unfair, unlawful or other

24  conduct on which it bases its UCL claim occurred in California or was directed to

25  California.   *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011)

26  (presumption against extraterritoriality applies to the UCL); *In re Toyota Motor*

27  *Corp.*, 785 F. Supp. 2d 883, 917-18 (C.D. Cal. 2011) (UCL cannot provide relief

28  for non-California residents).

1    The false advertising prong of § 17200 is discussed below in connection with

2    Plaintiff's separate claim for violation of California Business and Professions Code

3    § 17500.

4    **5.    Violations of Cal. Bus. & Prof. Code § 17500**

5    Plaintiff asserts a claim for false advertising pursuant to California's False

6    Advertising Law.  Cal. Bus. & Prof. Code § 17500 *et seq*. ("FAL").

7    As an initial matter, Plaintiff must establish that it has standing to assert a

8    FAL claim.  This requires Plaintiff to show that it "has suffered injury in fact and

9    has lost money or property as a result of a violation of [the false advertising]

10   chapter."  Cal. Bus. & Prof. Code § 17535.

11   With regard to the substance of its FAL claim, the Plaintiff must establish the

12   following elements:

13   a.    an untrue or misleading statement;

14   b.    made before the public in this state;

15   c.    that is known to be untrue or misleading; and

16   d.    the likelihood that members of the public are deceived.

17   Cal. Bus. & Prof. Code § 17535; *Momento, Inc. v. Seccion Amarilla USA*, C 09-

18   1223 SBA, 2009 WL 1974798 (N.D. Cal. July 8, 2009); *In re Toyota Motor Corp.*,

19   785 F. Supp. 2d 883, 918 (C.D. Cal. 2011) ("[t]he Court sees no reason to extend

20   the protection of the FAL beyond the plain meaning of the statute to cover

21   statements that are not made 'before the public of this state' and are not sufficiently

22   alleged to be 'from this state'").

23   **C.    Brief Description of the Evidence in Opposition to Plaintiff's**

24   **Claims**

25   1.    False Advertising Under the Lanham Act

26   Plaintiff will be unable to establish by affirmative evidence that Defendants

27   made a false statement of fact in a commercial advertisement about DriTherm's or

28   Gilsulate's products.    Additionally, Defendants will present expert opinion

1    evidence that statements made by Defendants were not false.  Furthermore,

2    Defendants will present affirmative evidence in the form of fact witness and expert

3    witness testimony that many statements made by DriTherm that are in dispute do

4    not constitute commercial advertisements.  Defendants will also present evidence to

5    establish that the use of certain statements about which the Plaintiff complains was

6    negligible.  Moreover, Defendants will present documentary evidence that claims at

7    issue made by DriTherm, such as a 10-foot head of water test, was performed on

8    the product, and the product performed as stated in DriTherm specifications, and

9    that a Federal Agency Letter of Approval was issued to Defendants.  Defendants

10    will also present documentary evidence that Plaintiff informed customers of

11    Plaintiff's contentions regarding DriTherm's advertisements, and customers elected

12    to purchase DriThem irrespective of Plaintiff's information.

13         Plaintiff will be unable to present evidence in the form of consumer surveys

14    to demonstrate the statements at issue were likely to influence purchasing decisions.

15    Defendants will present evidence that the statements at issue did not actually and

16    had no tendency to deceive a substantial number of the intended audience, and that

17    statements at issue were not material and were not likely to influence purchasing

18    decisions.

19         Plaintiff will be unable to present affirmative evidence that it actually or is

20    likely to suffer damages as a result of the statements at issue.  Defendants will in

21    turn present documentary evidence, fact witness, and expert testimony that projects

22    Plaintiff claims to have lost due to these alleged false statements were actually

23    awarded to Defendants for alternative reasons including pricing and availability of

24    the two competing products.  Additionally, Defendants will present documentary

25    evidence that certain damages Plaintiff claims to have suffered as a result of

26    Defendants' alleged false advertisements were awarded to neither company.

27         2.    Trade Libel

28         Much of the evidence Defendants will offer to negate Plaintiff's false

1   advertising claim overlaps with Plaintiff's other claims, including trade libel.
2   Defendants will present testimony and documentary evidence to establish that
3   statements made by Defendants regarding the Gilsulate product were not false or
4   disparaging.

5       Additionally, Defendants will present documentary evidence and testimony
6   that will establish a lack of reckless disregard or actual knowledge regarding the
7   allegedly disparaging statements.   Defendants will also offer evidence that will
8   show a lack of reliance on the statements.   Evidence Defendants will offer
9   establishing Plaintiff's lack of direct financial harm will overlap with evidence
10  offered in opposition to Plaintiff's false advertising claim.   Defendants will offer
11  testimony and documentary evidence that will show Defendants' conduct in
12  distributing literature referencing the Gilsulate product was not a substantial factor
13  in causing Plaintiff's harm, including evidence that overlaps with evidence to be
14  offered in opposition to Plaintiff's false advertising claim.

15          3.      Intentional Interference with Prospective Economic Advantage

16      Much of Defendants' evidence submitted in opposition to Plaintiff's claim
17  for intentional interference with prospective economic advantage will overlap with
18  evidence submitted in opposition to Plaintiff's false advertising claim.
19  Additionally, Defendants will present evidence in the form of fact witness
20  testimony, expert testimony, and documentary evidence that will show Plaintiff was
21  not in an economic relationship with third parties that probably would have resulted
22  in an economic benefit.   Defendants will present documentary evidence and witness
23  testimony to establish lack of knowledge regarding many of these prospective
24  economic relationships.   Evidence offered to show Defendants' conduct was not
25  wrongful will overlap with evidence offered in opposition to Plaintiff's claim for
26  false advertising.      Further, Defendants will offer witness testimony and
27  documentary evidence to establish Defendants did not intend to disrupt economic
28  relationships between third parties and Plaintiff, and will show those relationships

1   were not disrupted.  Defendants' evidence offered to show Plaintiff did not suffer

2   harm and that Defendants' conduct was not a substantial factor in any harm

3   Plaintiff may have suffered will substantially overlap with evidence offered in

4   opposition to Plaintiff's false advertising claim.

5           4.      Violations of Cal. Bus. & Prof. Code § 17200

6           Much of the evidence in connection with this claim will overlap with

7   evidence offered in opposition to Plaintiff's alleged damages for her claim for false

8   advertising.  Additionally, Plaintiffs will be unable to offer affirmative evidence

9   that will support either the unfair, unlawful, or fraud prong of § 17200 of the UCL.

10  Defendants will offer much of the same evidence offered in opposition to Plaintiff's

11  false advertising claim to negate the unfair, unlawful, and fraud prong of this claim.

12  The evidence will also show that much of the conduct at issue occurred in states

13  outside of California.

14          5.      Violations of Cal. Bus. & Prof. Code § 17500.

15          Defendants will offer much of the same evidence utilized in opposition to

16  Plaintiff's false advertising claim to negate the substantive elements of the FAL

17  claim, such as testimony and documentary evidence establishing statements made

18  by Defendants were not untrue or misleading.  Moreover, Defendants will present

19  evidence that will overlap with evidence offered in opposition to Plaintiff's UCL

20  § 17200 claim to establish many of the statements at issue were not made before the

21  public in the state of California.  Plaintiff will have no affirmative evidence that

22  establishes the statements at issue were known to be untrue by Defendants, and will

23  have no consumer surveys to show that members of the public were likely

24  deceived.  Defendants will also offer evidence that substantially overlaps with

25  evidence offered in opposition to Plaintiff's false advertising and trade libel claims

26  to establish that the statements at issue were not known to be untrue or misleading,

27  and that members of the public would not be deceived.

28

**D.  Summary of Defenses Defendants Have Pled and Plan to Pursue**

Defendants have pled and plan to pursue the following defenses

1.  Laches

2.  Estoppel

3.  Waiver

4.  Statutes of Limitations

5.  Puffery

6.  Communication Privilege and Absence of Malice

7.  Mitigation

8.  Truth and Absence of Falsity

9.  Competition Privilege or Justification

10.  Rights of Free Speech

**E.  The Elements Required to Establish Defendants' Defenses**

    **1.  Laches**

A defendant asserting a laches defense must establish that:

a.  plaintiff's delay in filing suit was unreasonable; and

b.  defendant would suffer prejudice caused by the delay if the suit were to continue.

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002) (citation omitted).

If a Lanham Act § 43(a) claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit.  *Id.* at 837.  The analogous statute of limitations for a false advertising claim is three years.  *Id.* at 838; *Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117, 1130 (C.D. Cal. 2010) (noting that three-year statute provided by Cal. Code of Civ. Proc. § 338 applies to false advertising claims under Cal. Bus. & Prof. Code § 17500).

    **2.  Estoppel**

A defendant asserting an estoppel defense must establish that:  "(1) the party

1   to be estopped must know the facts; (2) he must intend that his conduct shall be

2   acted on or must so act that the party asserting the estoppel has a right to believe it

3   is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely

4   on the former's conduct to his injury." *Eliminator Custom Boats v. Am. Marine*

5   *Holdings, Inc.*, ED CV 06-15-VBF EX, 2007 WL 4978243 (C.D. Cal. Nov. 5,

6   2007) (quoting *California State Bd. of Equalization v. Coast Radio Products*, 228

7   F.2d 520, 525 (9th Cir.1955)).

8            **3.    Waiver**

9            Waiver is the intentional relinquishment of a known right with knowledge of

10  its existence and the intent to relinquish it.  *CBS, Inc. v. Merrick*, 716 F.2d 1292,

11  1295 (9th Cir. 1983).

12           **4.    Statutes of Limitations**

13           Plaintiff's claim for trade libel is barred to the extent Defendants establish

14  that Plaintiff commenced this action more than two years after suffering damages as

15  a result of the statements that it contends disparaged the quality of its product.

16  *Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (1986) (stating two-year

17  limitations period of Cal. Code of Civ. Proc. § 339(1) applies to trade libel).

18           Plaintiff's claim for intentional interference with prospective economic

19  advantage is barred to the extent Defendants establish that Plaintiff commenced this

20  action more than two years after the alleged wrongful act.  *DC Comics v. Pacific*

21  *Pictures Corp.*, 938 F.Supp.2d 941, 952 (C.D. Cal. 2013) (claim for intentional

22  interference with prospective economic advantage is governed by Cal. Code of Civ.

23  Proc. § 339 two-year statute of limitations); *see also Trembath v. Digardi*, 43 Cal.

24  App. 3d 834, 836 (1974).

25           Plaintiff's claim for unfair competition pursuant to Cal. Bus. & Prof. Code §

26  17200 is barred to the extent it is established that Plaintiff commenced this action

27  more than four years after the alleged unfair or unlawful acts.  Cal. Bus. & Prof.

28  Code § 17208 (setting a four-year statute of limitations for actions under the UCL).

1    Plaintiff's claim for false advertising pursuant to Cal. Bus. & Prof. Code

2    § 17500 is barred to the extent it is established that Plaintiff commenced this action

3    more than three years after the false advertising on which Plaintiff predicates its

4    claim. *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010)

5    (noting that three-year statute provided by Cal. Code of Civ. Proc. § 338 applies to

6    false advertising claims under § 17500) (citing *County of Fresno v. Lehman*, 229

7    Cal. App. 3d 340, 346 (1991)).

8         **5.     Puffery**

9    With regard to the puffery defense, one district court recently explained:

10                Puffery is "exaggerated advertising, blustering, and

11                boasting upon which no reasonable buyer would rely."

12                *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134,

13                1145 (9th Cir.1997).  "The distinguishing characteristics

14                of puffery are vague, highly subjective claims as opposed

15                to specific, detailed factual assertions." *Haskell v. Time,*

16                *Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994).

17                "Advertising that amounts to 'mere' puffery is not

18                actionable." *Id.*  "Product superiority claims that are

19                vague or highly subjective often amount to nonactionable

20                puffery." *Southland*, 108 F.3d at 1145.  On the other

21                hand, "[a] specific and measurable advertisement claim of

22                product superiority based on product testing is not

23                puffery." *Id.*

24   *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1233 (N.D. Cal. 2012).

25        **6.     Communication Privilege and Absence of Malice**

26        A privileged publication is one made … "[i]n a communication, without

27   malice, to a person interested therein, (1) by one who is also interested, or (2) by

28   one who stands in such a relation to the person interested as to afford a reasonable

1  ground for supposing the motive for the communication to be innocent, or (3) who

2  is requested by the person interested to give the information."   Cal. Civ. Code

3  § 47(c).   If the court determines that this qualified privilege applies in the

4  circumstances of this case, then:

5        Plaintiff cannot recover damages from defendant, even if

6        the statements were false, unless it also proves that

7        defendant acted with hatred or ill will toward it....

8  CACI No. 1723.

9        The plaintiff bears the burden of proving malice.  *SDV/ACCI, Inc. v. AT & T*

10 *Corp.*, 522 F.3d 955, 962 (9th Cir. 2008) (citing *Lundquist v. Reusser,* 7 Cal. 4th

11 1193, 1211 (1994)).

12        **7.   Mitigation**

13       A plaintiff has a duty to use reasonable efforts to mitigate damages.   The

14 defendant has the burden of proving by a preponderance of the evidence (1) that the

15 plaintiff failed to use reasonable efforts to mitigate damages, and (2) the amount by

16 which damages would have been mitigated.  9th Cir. Civ. Jury Instr. 5.3.

17        **8.   Truth and Absence of Falsity**

18       A plaintiff asserting a claim for trade libel has the burden of establishing that

19 "the statement was untrue." (*See* section II.B.2, trade libel elements.)  However, if

20 it is determined that Defendants have the burden of establishing the truth of the

21 alleged disparaging statements, then Defendants will assert a defense of truth as

22 follows:

23       Defendants are not responsible for Plaintiff's harm, if any,

24       if they prove that their statement(s) about Plaintiff's

25       product were true.  Defendants do not have to prove that

26       the statement(s) were true in every detail, so long as the

27       statement(s) were substantially true.

28 CACI No. 1720.

9.     **Competition Privilege or Justification**

To establish a claim for interference with prospective economic relations it must be shown, among other things, that defendant's conduct was wrongful by some legal measure beyond the fact of the interference itself. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392-393 (1995). In such context, an act is independently wrongful if it is unlawful, which means that it must be conduct that is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003).

Accordingly, to maintain its claim for interference with prospective economic relations, Plaintiff has the burden of establishing that Defendants' conduct was unlawful. However, if it is determined that Plaintiff does not have such burden, then Defendants assert that their conduct was justified or privileged under the circumstances.

10.     **Rights of Free Speech**

If speech is not "purely commercial"—that is, if it does more than propose a commercial transaction—then it is entitled to full First Amendment Protection. *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 906 (9th Cir. 2002) (citation omitted). Even pure commercial speech is entitled to significant First Amendment protection. *See City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 423 (1993); *Bd. of Trustees of the State University of New York v. Fox*, 492 U.S. 469, 473–74 (1989); *Central Hudson Gas and Electric Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980); *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976).

It is well established that "[t]he party seeking to uphold a restriction on commercial speech carries the burden of justifying it." *Edenfield v. Fane*, 507 U.S. 761, 770 (1993) (quoting *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 71 n. 20 (1983)); *see also Desert Outdoor Advertising, Inc. v. City of Moreno Valley*, 103

1  F.3d 814, 819 (9th Cir. 1996).

2    **F.    Brief Description of the Evidence in Support of Defendants'**

3       **Defenses**

4        1.    Laches

5      In support of Defendants' laches defense, Defendants will offer testimony

6  and documentary evidence establishing that Plaintiff's delay in brining suit was

7  unreasonable. Defendants will also present testimony and documentary evidence to

8  show Defendants suffered prejudice as a result of Plaintiff's delay.

9        2.    Estoppel

10      Defendants will present testimony and documentary evidence to show that

11  Plaintiff was aware of relevant facts to which it should be estopped from asserting

12  and intended its conduct to be acted on. Defendants will also present evidence

13  demonstrating it was unaware of the true facts, and relied on Plaintiff to

14  Defendants' detriment.

15        3.    Waiver

16      Defendants will present witness testimony and documentary evidence

17  establishing that Plaintiff was aware of its rights, including its right to bring suit,

18  and failed to act within a reasonable time, thus relinquishing its rights.

19        4.    Statutes of Limitations

20      Defendants will present evidence that Plaintiff commenced this action more

21  than two years after the time that Plaintiff claims it suffered damages and the

22  alleged wrongful act occurred barring Plaintiff's claims for trade libel and

23  intentional interference with prospective economic advantage. Defendants will also

24  present evidence establishing Plaintiff commenced this action more than four years

25  after Defendants published alleged false advertisements regarding its product,

26  barring Plaintiff's UCL claim. Moreover, Defendants will present evidence to

27  show Plaintiff commenced this action more than three years after Defendants'

28  alleged false advertising, barring Plaintiff's FAL claim.

5. **Puffery**

The evidence will show that several of the statements about which Plaintiff complains are non-actionable puffery.

6. **Communication Privilege and Absence of Malice**

The evidence will show that Defendants' alleged advertisements were made to third parties with a mutual interest.  Testimony and documentary evidence will show the motive for the communication was innocent, and third parties requested Defendants submit the information regarding the subject products.  Such evidence will also show an absence of malice.

7. **Mitigation**

Defendants will proffer fact witness testimony, expert testimony, and documentary evidence to establish that Plaintiff failed to use reasonable efforts to mitigate its damages such as documentary evidence establishing alternate reasons Plaintiff lost jobs to Defendants including cost and availability of products.

8. **Truth and Absence of Falsity**

Defendants will submit fact witness testimony, expert testimony, and documentary evidence to show statements Defendants made about Plaintiff's product were substantially true in support of its defense of truth to Plaintiff's trade libel claim.

9. **Competition Privilege or Justification or Privilege**

Defendants will submit evidence in support of its defense that actions in relation to Plaintiff's claim for interference with prospective economic relations was justified or privileged under the circumstances.

**G.    Statements by Third Parties**

Not applicable.

**H.    Anticipated Evidentiary Issues**

A large number of documents have been identified as exhibits that will likely raise authentication, hearsay, and other evidentiary issues concerning their

1   admissibility.   Defendants also anticipate making a motion to exclude certain
2   opinions of Plaintiff's experts and other motions in limine including motions in
3   limine to exclude evidence or argument concerning investigations performed by
4   departments of weights and measures; investigations performed by engineering
5   licensing boards; alleged failures of the DriTherm product; other claims and
6   litigation; the use of Google AdWords; Driwrap; Plaintiff's initiated investigation
7   by NASA and the Army Corps of Engineers; and evidence of insurance coverage.

8   **I.    Identification of Issues of Law**
9   Certain elements of Defendants' defenses will require judicial determination.

10  **III.   BIFURCATION OF ISSUES (L.R. 16-4.3)**
11  The legal and equitable claims should be bifurcated for trial by the jury and
12  court respectively as indicated in the following section.

13  **IV.   JURY TRIAL (L.R. 16-4.4)**
14  Plaintiff made a demand for a jury trial in its complaint.   (Dkt. No. 1.)
15  Defendants made a demand for a jury trial in their answer. (Dkt. No. 8.)

16  "[T]he [S]eventh [A]mendment preserves the right to trial by jury of all legal
17  claims, whereas no right to a jury exists for equitable claims. *Danjaq LLC v. Sony*
18  *Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (citation and internal quotations omitted).

19  Plaintiff's claims for trade libel and interference with economic relations are
20  legal claims for damages for which there is a right to a jury trial. *See In re Hassan*,
21  376 B.R. 1, 18 (Bankr. D. Kan. 2007) (citations omitted) (stating claims for
22  damages to a person or property based on torts such as negligence are legal claims).

23  There is a right to a jury trial with respect to Plaintiff's Lanham Act false
24  advertising claim, at least to the extent Plaintiff is seeking damages or Defendant's
25  profits as a form of damages. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304
26  F.3d 829, 837 (9th Cir. 2002) ("[section] 43(a) of the Lanham Act cannot be
27  characterized as purely equitable; for example, certain trademark infringement
28  actions trigger a Seventh Amendment right to a jury trial, which pertains to actions

1   at law"); *adidas-Am., Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029,

2   1086-87 (D. Or. 2008).

3         There is no right to a jury trial of claims under California Business and

4   Professions Code §§ 17200 or 17500.  *Danjaq LLC v. Sony Corp.*, 263 F.3d 942,

5   962 (9th Cir.2001) ("The Seventh Amendment preserves the right to trial by jury of

6   all legal claims, whereas no right to a jury exists for equitable claims."); *Kennedy v.*

7   *Jackson Nat. Life Ins. Co.*, C 07-0371 CW, 2010 WL 4123994 (N.D. Cal. Oct. 6,

8   2010) (stating that actions under §§ 17200 and 17500 are "equitable in nature;

9   damages cannot be recovered") (citing *Korea Supply Co. v. Lockheed Martin Corp.*,

10   29 Cal. 4th 1134, 1144 (2003)); *Smith v. Chase Mortgage Credit Grp.*, 653 F. Supp.

11   2d 1035, 1045 (E.D. Cal. 2009) ("the UCL sounds in equity and therefore there is

12   no right to a jury determination as to whether a defendant's conduct was unfair

13   under the statute") (citing *Hodge v. Superior Court,* 145 Cal. App. 4th 278, 282–85

14   (2006)).

15   **V.    ATTORNEY FEES (L.R. 16-4.5)**

16         Plaintiff asserts a claim for false advertising under § 43(a) of the Lanham

17   Act.  Section 35(a) of the Lanham Act provides that "[t]he court in exceptional

18   cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. §

19   1117(a).  "A trademark case is exceptional where the district court finds that the

20   defendant acted maliciously, fraudulently, deliberately, or willfully."  *Watec Co.,*

21   *Ltd. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005).  An action may also be considered

22   exceptional "[w]hen a plaintiff's case is groundless, unreasonable, vexatious, or

23   pursued in bad faith."  *Stephen W. Boney, Inc. v. Boney Servs.*, 127 F.3d 821, 827

24   (9th Cir. 1997).  The "determination that a trademark case is exceptional is a

25   question of law for the district court, not the jury."  *Watec*, 403 F.3d at 656.

26         With regard to Plaintiff's state law claims, "'[u]nless authorized by either

27   statute or agreement, attorney's fees ordinarily are not recoverable' in California."

28   *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, C 05 0553 MHP, 2007 WL 2462141 (N.D.

1   Cal. Aug. 29, 2007) (citing *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 127

2   (1979)).  There are no statutes or agreements that provide for recovery of attorney's

3   fees with respect to Plaintiff's state law trade libel or economic interference claims.

4   The UCL and FAL statutes do not provide for recovery of attorney of attorney fees

5   by private plaintiffs.  *See, e.g.*, *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 399

6   (2013) ("[p]rivate plaintiffs suing under the UCL may seek only injunctive and

7   restitutionary relief, and the UCL does not authorize attorney fees").

8   **VI.   ABANDONMENT OF ISSUES (L.R. 16-4.6)**

9          Defendants are not pursuing initially alleged defenses of improper or

10  inconvenient venue.

11

12  Dated:  May 13, 2014                   LeClairRyan

13

14                                         By:   /s/ James C. Hildebrand

15                                             JAMES C. POTEPAN
                                               JAMES C. HILDEBRAND
16                                             Attorney for Defendants DRITHERM
                                               INTERNATIONAL, INC. and
17                                             JARED SANDMAN

18

19

20

21

22

23

24

25

26

27

28