JAMES C. POTEPAN (SBN 107370)
Email: james.potepan@leclairryan.com
JAMES C. HILDEBRAND (SBN 150319)
Email: james.hildebrand@leclairryan.com
LeClairRyan LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017
Telephone: (213) 488-0503
Facsimile: (213) 624-3755

Attorneys for Defendants
DRITHERM INTERNATIONAL, INC. and
JARED SANDMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILSULATE INTERNATIONAL, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DRITHERM INTERNATIONAL, INC., a New Jersey corporation; JARED SANDMAN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 13-01012 RSWL (JPRx)<br><br>Judge: Hon. Ronald S.W. Lew<br>Complaint Filed: February 12, 2013<br><br>**DECLARATION OF JARED SANDMAN CONCERNING COMPLIANCE WITH THE TERMS OF THE STIPULATED INJUNCTION (DKT. NO. 49)** |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

13516113

- 1 -

CV 13-01012 RSWL (JPRx)

## DECLARATION OF JARED SANDMAN

I, Jared Sandman, declare:

1.      I am the president of DriTherm International, Inc., a defendant in the case of *Gilsulate International, Inc. v. DriTherm International, Inc.*, United States District Court for the Central District of California Case No. CV 13-01012 RSWL (JPRx).  Except as otherwise indicated, I have personal knowledge of the matters stated in this Declaration and could competently testify thereto if called to do so.

2.      The parties to this action, Gilsulate International, Inc. ("Plaintiff") and DriTherm International, Inc. ("DTI"), entered into an agreement to settle the action. As part of the settlement, DTI agreed to have a Judgment for Stipulated Permanent Injunction entered in the action.  A Judgment for Stipulated Permanent Injunction was entered by the Court pursuant to the parties' agreement (the "Stipulated Injunction") (Dkt. No. 49).  The Stipulated Injunction is dated May 29, 2014 and, as reflected on the Court's docket, was entered on May 30, 2014.

3.      The Stipulated Injunction provides that "DTI shall file with this Court and serve upon [Plaintiff] within forty-five (45) days after the issuance of this Injunction, an affidavit, sworn under penalty of perjury, setting forth in detail the manner and form in which DTI has complied with this Injunction."  I am now providing this Declaration to describe the manner in which DTI has complied with the Stipulated Injunction.

4.      Paragraph 1 of the Stipulated Injunction prohibits certain statements about the specifications of DTI's DriTherm product.  To comply with this portion of the Stipulated Injunction, DTI has ceased distributing the DriTherm Specification Sheet a/k/a DriTherm Data Sheet ("Specification Sheet"), DriTherm Sample Specifications ("Sample Specifications"), and a manual consisting of about 57 pages that describes the DriTherm product and the installation of the product ("DriTherm Manual") that were used for at least some period of time before the entry of the Stipulated Injunction.

5.     One way by which the Specification Sheet, Sample Specifications and DriTherm Manual were distributed prior to the entry of the Stipulated Injunction was by linking them on DTI's www.dritherm.com website (the "DriTherm website"). I instructed the person who maintains the DriTherm website to remove the Specification Sheet, Sample Specifications, and DriTherm Manual from the website. I have reviewed the DriTherm website and can now find no active link through which access to the Specification Sheet, Sample Specifications, or DriTherm Manual can be made.

6.     I also reviewed the DriTherm website to identify statements of specifications of DriTherm that are not permitted under the Stipulated Injunction on the website. To the extent any such statements were identified, I instructed the person who maintains the DriTherm website to remove the statements from the website. I have reviewed the DriTherm website and can now find no instances of statements of specifications of DriTherm that are not permitted under the Stipulated Injunction on the website.

7.     Paragraph 1 of the Stipulated Injunction prohibits the statement "that the DriTherm formula sold as of the date of this Injunction meets the current UFGS standard for Pre-Engineered Underground Heat Distribution Systems (33.61.13) (effective August 2010)." To the extent that any such statement was included in the DriTherm Specification Sheet, Sample Specifications, or DriTherm Manual, its use has been discontinued by the termination of the use of these materials as discussed above. I have reviewed the DriTherm website to identify any use of the prohibited statement on the website. To the extent any use of the statement on the website was identified, I instructed the person who maintains the DriTherm website to remove the statement from the website. I have reviewed the DriTherm website and can now find no instances of the prohibited statement appearing on the website.

8.     Paragraph 1 of the Stipulated Injunction prohibits statements "that DriTherm is approved by the Department of Defense, the Veterans Administration,

1   the Army Corps of Engineers, any military branch, or any other federal government

2   agency." To the extent that any such statements were included in the DriTherm

3   Specification Sheet, Sample Specifications, or DriTherm Manual, the use of the

4   statements has been discontinued by the termination of the use of these materials as

5   discussed above. I have reviewed the DriTherm website to identify any use of the

6   prohibited statements on the website. To the extent any use of the statements on the

7   website was identified, I instructed the person who maintains the DriTherm website

8   to remove the statements from the website. I have reviewed the DriTherm website

9   and can now find no instances of the prohibited statements appearing on the

10  website.

11      9.    Paragraph 1 of the Stipulated Injunction prohibits the statement "that

12  the National Aeronautic and Space Administration (NASA) has endorsed or

13  otherwise attested to the insulation qualities of DriTherm." At one time, parts of a

14  letter from NASA concerning its use of DriTherm, or the predecessor product to

15  DriTherm, appeared on the DriTherm website. The statements taken from NASA's

16  letter have been removed from the DriTherm website.

17     10.    Paragraph 1 of the Stipulated Injunction prohibits several other

18  statements including "that DriTherm is certified to be 100% hydrophobic" and "that

19  DriTherm provides or creates a positive vapor barrier." These and several other

20  statements prohibited in Paragraph 1 of the Stipulated Injunction were based on

21  statements contained in documents titled "DriTherm Features Compared to

22  Gilsulate 500" and "Important Considerations – DriTherm vs Gilsulate." DTI is

23  not distributing or using the "DriTherm Features Compared to Gilsulate 500" or

24  "Important Considerations – DriTherm vs Gilsulate" documents.

25     11.    A page on the DriTherm website included a matrix that compared

26  several types of pipe insulation products including DriTherm, other powder

27  insulations, preinsulated pipe, and fiberglass. A row in the matrix labeled "Load

28  Bearing" was deleted to avoid making any statements about DriTherm load bearing

1    characteristics that are prohibited by Paragraph 1 of the Stipulated Injunction.  A
2    document with a similar matrix was linked to the website.  The row in the matrix
3    labeled "Load Bearing" was also deleted from this linked document.

4         12.    I have reviewed the DriTherm website to identify any other uses of the
5    statements prohibited by Paragraph 1 of the Stipulated Injunction on the website.
6    To the extent any such statements were identified, I instructed the person who
7    maintains the DriTherm website to remove the statements from the website.  I have
8    reviewed the DriTherm website and can now find no instances of any of the
9    statements prohibited by Paragraph 1 of the Stipulated Injunction appearing on the
10   website.

11        13.    Information about DTI and the DriTherm product was posted on the
12   LinkedIn business oriented networking site.  I have reviewed the information about
13   DTI and the DriTherm product on the LinkedIn website to identify any statements
14   prohibited by Paragraph 1 of the Stipulated Injunction on the site.  To the extent
15   any statements were identified, I have removed the statements from the LinkedIn
16   site.

17        14.    Information about DTI and the DriTherm product was posted on the
18   ThomasNet.com online business directory.  I have reviewed the information about
19   DTI and the DriTherm product on the ThomasNet.com website to identify any
20   statements prohibited by Paragraph 1 of the Stipulated Injunction on the site.  To
21   the extent any such statements were identified, my office assistant and I asked
22   representatives of ThomasNet.com to remove the statements.  I have reviewed the
23   ThomasNet.com website and can now find no instances of any of the statements
24   prohibited by Paragraph 1 of the Stipulated Injunction appearing on the website.

25        15.    Paragraph 1 of the Stipulated Injunction prohibits statements about
26   "any INSTALLED DENSITY for DriTherm unless the specifications are supported
27   by APPROPRIATE DENSITY TESTING" and statements about "any THERMAL
28   CONDUCTIVITY value for DriTherm unless it is specific to each source of the

1    DriTherm material and is determined through APPROPRIATE THERMAL

2    CONDUCTIVITY TESTING." The Stipulated Injunction provides that density and

3    thermal conductivity testing shall be conducted on random samples from each

4    source of the DriTherm material, of which there are presently five. The Stipulated

5    Injunction provides that copies of the complete, unabridged reports of any testing

6    used to support representations of the density or thermal conductivity of DriTherm

7    shall be provided to Plaintiff within thirty days of making any such representations.

8    As of the date of this declaration, DTI has had density and thermal conductivity

9    testing performed on random samples of DriTherm from each of the five sources of

10   DriTherm. However, I have not yet received formal reports from the testing

11   facilities that performed the density and thermal conductivity tests. If these tests

12   are used to support representations of the density or thermal conductivity of

13   DriTherm, then copies of the test reports will be provided to Plaintiff as provided

14   for in the Stipulated Injunction.

15         16.    Paragraph 2 of the Stipulated Injunction prohibits certain statements

16   about Plaintiff's Gilsulate product, including, for instance, statements "that the

17   Gilsulate product has changed formula since being introduced in the marketplace,"

18   "that Gilsulate's customers do not have any way of knowing the track record of the

19   Gilsulate product they receive, or when it was invented," and "that

20   Gilsulate®500XR is not waterproof and relies on the heat of the piping system to

21   remain dry." These and several other statements prohibited by Paragraph 2 of the

22   Stipulated Injunction were based on statements contained in the documents titled

23   "DriTherm Features Compared to Gilsulate 500" and "Important Considerations –

24   DriTherm vs Gilsulate." DTI is not distributing or using the "DriTherm Features

25   Compared to Gilsulate 500" or "Important Considerations – DriTherm vs Gilsulate"

26   documents.

27         17.    As previously indicated, a page on the DriTherm website included a

28   matrix that compared several types of pipe insulation products such as DriTherm,

1   other powder insulations, preinsulated pipe, and fiberglass.  The column in the

2   matrix labeled "other powder insulations" was deleted to avoid making any implied

3   statements about Gilsulate that are prohibited by Paragraph 2 of the Stipulated

4   Injunction.  A document with a similar matrix was linked to the website.  The

5   column in the matrix labeled "other powder insulations" was also deleted from this

6   linked document.

7       18.    I have reviewed the DriTherm website to identify any other uses of the

8   statements prohibited by Paragraph 2 of the Stipulated Injunction on the website.

9   To the extent any such statements were identified, I instructed the person who

10  maintains the DriTherm website to remove the statements from the website.  I have

11  reviewed the DriTherm website and can now find no instances of statements

12  prohibited by Paragraph 2 of the Stipulated Injunction appearing on the website.

13      19.    Paragraph 3 of the Stipulated Injunction provides that, within ten days

14  of the issuance of the Stipulated Injunction, DTI will provide written notification to

15  all independent distributors identified in the parties' Settlement Agreement that it

16  has been enjoined from engaging in certain conduct and from making certain

17  representations regarding DriTherm and Gilsulate.  The Settlement Agreement

18  identified the names of twenty-one entities and one individual to whom such notice

19  had to be sent.  The identified individual (Danny Cobucci) is associated with one of

20  the twenty-one listed entities (Pumps & Specialties).

21      20.    In preparation for sending the required letter to the entities identified in

22  the parties' Settlement Agreement, I had my office assistant confirm the current

23  mailing address for each entity.  On June 5, 2014, I sent a letter to each of the

24  twenty-one entities identified in the Settlement Agreement that stated, among other

25  things, that DTI has been enjoined by the United States District Court for the

26  Central District of California from engaging in certain conduct and from making

27  certain representations regarding the DriTherm and Gilsulate 500XR products (the

28  letter sent to Pumps & Specialties was addressed to Danny Cobucci at Pumps &

1    Specialties). A copy of the Stipulated Injunction was enclosed with each of the

2    letters that were sent to the entities that were identified as independent distributors

3    in the parties' Settlement Agreement. A true and correct exemplar copy of the

4    letter that was sent to each of the entities identified as an independent distributor in

5    the parties' Settlement Agreement is attached hereto as Exhibit A.

6         21.    Each of the letters that was sent to the identified independent

7    distributors was mailed by Federal Express for overnight delivery. I have obtained

8    a Proof of Delivery of each of the twenty-one letters from Federal Express. These

9    Proofs of Delivery indicate that each of the letters was delivered on June 6, 2014. I

10   have obtained copies of the signatures of the persons who accepted delivery of

11   thirteen of the letters. With regard to the remaining eight letters, I sent an email to

12   the addressee of each of the letters requesting confirmation of receipt of the letter

13   and the enclosed Stipulated Injunction. In response to these emails, I received

14   confirmation of receipt of each of the eight letters and Stipulated Injunction, which

15   included confirmation of receipt by the Ed Reed Company (Ted Reed), Engineered

16   Fluid Systems (Curt Winbourne), Harris & Associates (Mike Harris), Keelan &

17   Associates (Larry Keelan), Pacific Sales Associates (Ron Dunn), Process Systems,

18   Inc. (James Bath), Pumps & Specialties (Danny Cobucci), and Scarano & Harris

19   (Henry Scarano).

20        22.    It was brought to my attention that there were statements about

21   DriTherm on the websites www.prweb.com and www.mapyourshow.com that

22   could be prohibited by the Stipulated Injunction. I contacted the person whom I

23   believed would be able to remove the statements about DriTherm on the

24   www.prweb.com website and requested that the statements be removed from the

25   website. I was in the process of taking steps to have the statements about DriTherm

26   on the www.mapyourshow.com website removed when I was informed that

27   Plaintiff's attorney had communicated that he had "been able to get the Map Your

28   Show link taken down, so that is no longer an issue." I have reviewed the

1   www.prweb.com and www.mapyourshow.com websites and can now find no

2   instances of any of the statements prohibited by the Stipulated Injunction appearing

3   on the websites.

4        23.     The review of DTI's www.dritherm.com website and the removal of

5   any statements on the website, or in documents linked to the website, that are

6   prohibited by the Stipulated Injunction are described above.  In addition to the

7   www.dritherm.com website, DTI maintains the website address

8   "www.driwrap.com."  However, the www.driwrap.com web address only directs

9   users to the same website that is accessed by the use of the www.dritherm.com web

10   address.  Accordingly, changes to the website accessed through the use of the

11   www.dritherm.com web address would also effect changes to the website if

12   accessed through the www.driwrap.com web address.

13        I declare under penalty of perjury under the laws of the United States of

14   America that the foregoing is true and correct.  Executed on July 11, 2014.

Jared Sandman

EXHIBIT A



**DRITHERM**
**INTERNATIONAL INC.**
High Performance Insulation / Corrosion Protection Products

June _____, 2014

<u>**VIA FEDEX OVERNIGHT**</u>

Name of Distributor
Address

**RE: Gilsulate v. Dritherm Settlement Terms: <u>Actions Required</u>**

Dear Dritherm Distributor:

As you may or may not be aware, there has been litigation between Gilsulate International Inc. and Dritherm International Inc. in the United States District Court for the Central District of California. This litigation has recently been resolved by an agreement between the parties. Certain terms of the settlement agreement affect you in connection with your in your efforts to market and sell DriTherm. These terms are summarized below.

- **Stipulated Injunction:** As part of the agreement to settle the litigation, DriTherm International Inc. has been enjoined by the United States District Court for the Central District of California from engaging in certain conduct and from making certain representations regarding the DriTherm and Gilsulate 500XR products. A copy of the Stipulated Injunction is enclosed. As a condition of distributing or selling DriTherm you must fully comply with all of the terms of the enclosed Stipulated Injunction that apply to you.

- **Product Literature:** We will be providing you with revised DriTherm product literature that will be in compliance with the terms of the injunction. We are working to complete the new literature as soon as possible. In the meantime, you must immediately destroy all printed materials that do not fully comply with the terms of the injunction. To be certain that you are in compliance with these requirements, please assume that this means destroying all written and electronic marketing materials relating to either DriTherm or Gilsulate that are in your possession as of the date of this letter.

2500 Plaza 5, Harborside Financial Center, Jersey City, NJ 07311
Toll Free: (800)343-4188 Fax: (973)808-2815 www.dritherm.com

Exhibit A                    Page 10



**DRITHERM**
**INTERNATIONAL INC.**
High Performance Insulation / Corrosion Protection Products

- **Website Information:**  All information regarding the Dritherm and Gilsulate products that are not in compliance with the terms of the injunction must also be immediately removed from websites that you own or control.  Again, to ensure compliance with these requirements, please assume that this means removing all information about the Dritherm and Gilsulate products that is posted or linked to your websites as of the date of this letter.

- **Unauthorized DriTherm Product Literature:**  As indicated, we will be providing you with revised DriTherm product literature that will be in compliance with the terms of the injunction.  Under the terms of the injunction, you must not develop, create or distribute any other materials about DriTherm without obtaining the prior approval of Dritherm International Inc.

Please do not hesitate to contact me at any time if you have questions or concerns about the foregoing.  I am looking forward to moving past this particular issue.  Over the coming weeks, I will be making an effort to contact you to discuss this matter and to work towards selling DriTherm in the positive and productive way we have always attempted to do.

Sincerely,

Jared Sandman
President
Dritherm International Inc.

Enclosure:  Judgment for Stipulated Permanent Injunction

2500 Plaza 5, Harborside Financial Center, Jersey City, NJ 07311
Toll Free: (800)343-4188 Fax: (973)808-2815 www.dritherm.com

Exhibit A                         Page 11

| | |
|---|---|
| **CASE NAME:** | **GILSULATE INTERNATIONAL, INC.  v. DRITHERM INTERNATIONAL, INC., et al.** |
| **CASE NO.:** | **CV13-01012-RSWL (JPRx)** |

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                               ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 725 South Figueroa Street, Suite 350, Los Angeles, California 90017.

On July 11, 2014, I served the foregoing document(s): **DECLARATION OF JARED SANDMAN CONCERNING COMPLIANCE WITH THE TERMS OF THE STIPULATED INJUNCTION (DKT. NO. 49)** described on the interested parties in this action by placing the true copies thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| David S. Poole, Esq.<br>Samuel R.W. Price, Esq.<br>POOLE & SHAFFERY, LLP<br>400 South Hope Street, Suite 1100<br>Los Angeles, California 90071<br>Telephone:  (213) 439-5390<br>Facsimile:  (213)  439-0183<br>dpoole@pooleshaffery.com<br>sprice@pooleshaffery.com | Attorneys for Plaintiff<br>**GILSULATE INTERNATIONAL, INC.** |

[X]   **By United States Mail:**  I caused such envelope to be deposited in the mail at Los Angeles, CA  90017.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter day is more than 1 day after date of expiration of deposit for mailing in affidavit.

PROOF OF SERVICE

| | |
|---|---|
| **CASE NAME:** | **GILSULATE INTERNATIONAL, INC. v. DRITHERM INTERNATIONAL, INC., et al.** |
| **CASE NO.:** | **CV13-01012-RSWL (JPRx)** |

### PROOF OF SERVICE (CONT'D.)

[ ]   **By Facsimile Transmission:** At approximately _____ a.m./p.m., I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (___) _____. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

[ ]   **By Email or Electronic Transmission:** The above-referenced documents (was sent via electronic transmission to the addressee(s) email address as indicated on the attached service list.

[ ]   **Personal Service By Messenger Delivery:** I caused the document(s) to be delivered in such envelope by hand to the offices of the addressee.

[ ]   **By Overnight Delivery:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

[X]   **(FEDERAL)** I am employed in the office of a member of the bar of this court at whose direction the service was made. I certify under penalty of perjury that the foregoing is true and correct.

Executed on July 11, 2014, at Los Angeles, California.

Toni Pierson

PROOF OF SERVICE