**POOLE & SHAFFERY, LLP**
David S. Poole (SBN 94690)
 dpoole@pooleshaffery.com
Samuel R.W. Price (SBN 255611)
 sprice@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 439-5390
Facsimile:  (213) 439-0183

Attorneys for Plaintiff
GILSULATE INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GILSULATE INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DRITHERM INTERNATIONAL, INC., a New Jersey corporation; JARED SANDMAN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01012-RSWL-JPR<br><br>Judge:   Hon. Ronald S.W. Lew<br>Complaint filed:  February 12, 2013<br><br>**SUPPLEMENTAL DECLARATION OF LAURA DUNCAN IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE JUDGMENT AND FOR CONTEMPT ORDER**<br><br>Date:       July 14, 2015<br>Time:       10:00 a.m.<br>Location:   Ctrm. 21<br>Judge:      Hon. Ronald S.W. Lew<br><br>[Filed concurrently with: Plaintiff's Reply in Support of Motion to Enforce Judgment, etc.; Supplemental Declaration; and Compendia of Supplemental Exhibits] |

1
**SUPPLEMENTAL DECLARATION OF LAURA DUNCAN IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE JUDGMENT AND FOR CONTEMPT ORDER**

## DECLARATION OF LAURA DUNCAN

I, Laura Duncan, hereby declare as follows:

1. I am the President and Owner of Gilsulate International, Inc. ("Gilsulate" or "Plaintiff"), Plaintiff in the underlying action and movant herein. I have personal knowledge of the facts stated herein except as to those matters where I indicate that I am relying on information and belief. If called and sworn as a witness, I could and would testify competently as to each of the matters set forth herein.

2. This declaration is offered in connection with the Reply in Support of Plaintiff's Motion to Enforce Judgment for Permanent Injunction and for Contempt Order and supplements my prior declaration that was filed concurrently with that Motion.

3. I have owned Gilsulate International, Inc. since 2002. Gilsulate has owned the rights to the product Gilsulate®500XR since the completion of an asset purchase agreement with American Thermal Products in 2004. I have extensive experience with the Gilsulate®500XR product, and its components, including ground, coated calcium carbonate, which Defendants sell under the brand name DriTherm.

4. I also have extensive experience and familiarity with the underground insulation marketplace as a whole. Recently, I have been a technical presenter for educational sessions at the 2015 Central Association of Physical Plant Administrators (CAPPA) Technology and Leadership Conference in San Antonio, Texas, where my educational presentation topic was, "Thermal Dynamics and Design Variables of Thermal Distribution Systems."

5. On March 31, 2015, I was presented with the Texas Association of Physical Plant Administrators (TAPPA) President's Distinguished Business Partner Award, in appreciation for my loyalty, support and service to TAPPA and Facilities Management.

6. On June 29, 2015, I had a telephone call with Ed Walters, Vice President of HVAC Project Management with Wayne Crouse Inc., a mechanical contracting company. Mr. Walters informed me that Wayne Crouse has recently been involved with three separate projects West Virginia University that involve the installation of underground district energy systems: the "Mineral Resources Building" project; the "Woodburn Circle" project; and the "Student Rec Center" project. Mr. Walters identified himself as the personal responsible for overseeing the three projects at West Virginia University for Wayne Crouse.

7. Attached hereto as **Exhibit 48** are true and correct copies of the pertinent pages from the specifications for the "Mineral Resources Building" project (page 1) and the "Woodburn Circle" project (pages 2-3), that I personally obtained from CMD Group, a company that operates a database of bidding construction projects and makes the plans and specifications for those projects available to its paid members, of which my company is one. The project specifications establish the minimum product performance values that must be satisfied for the use of any particular products. Therefore, the identified product, DriTherm, must meet or exceed those values to comply with the project specifications.

8. The highlighted areas of Exhibit 48 show that the insulation details for the Mineral Resources Building and Woodburn Circle projects were designed according to the prior false DriTherm technical data, most of which was specifically addressed and prohibited by section 1 of the Injunction. As confirmed by section 1 of the Injunction, DriTherm does not meet the product performance requirements set forth in these specifications.

9. During my conversation with Mr. Walters, he confirmed that Wayne Crouse, Inc. was provided pricing for the DriTherm material based on the project specifications appearing in Exhibit 48. Mr. Walters also confirmed to me that he was sold DriTherm material for all three of the West Virginia University projects, including the Mineral Resources Building and the Woodburn Circle projects. He

3
**SUPPLEMENTAL DECLARATION OF LAURA DUNCAN IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE JUDGMENT AND FOR CONTEMPT ORDER**

also confirmed that he was not provided any DriTherm data sheets, submittals or technical information for Wayne Crouse Inc. to submit to the designing engineer or owner, nor were there any conversations or information provided about the need to modify the product performance information or details in the project specifications. He also confirmed that none of the project specifications had been modified to provide alternative technical data for use of the DriTherm material.

10. Defendants suggest that my company and DTI are the only competitors in the marketplace. However, the relevant marketplace is not "pour-in-place" insulation, but rather underground insulation, of which "pour-in-place" represents only a small fraction of that market.

11. Competition for underground insulation projects is not simply between field applied pour-in-place providers, but between various different insulation systems, including field-fabricated systems using preformed insulation or factory-prefabricated systems. These various methods can employ materials such as Foamglas®, mineral wool, and fiberglass to name a few. Defendants themselves even publish a "Product Comparison Matrix" to advertise the benefits of DriTherm over these other various options, a true and correct copy of which is attached to the Supplemental Declaration of Samuel R.W. Price as page 2 of Exhibit 46.

12. The vast majority of underground insulation projects are designed for or awarded to factory-prefabricated systems (pre-insulated piping), of which there are several manufacturers. (See Phetteplace Decl., ¶ 31.)

13. In the Declaration of Jared Sandman, he claims my company has misused the Injunction (Sandman Decl. ¶82) and offer as support for this claim that I communicated with the engineer on a project at Ball State University to inquire as to the basis for the issuance of an Addendum that provided alternative values for the DriTherm product that had never previously been published. Attached hereto as **Exhibit 49** are true and correct copies of the email correspondence that I had with

the design engineer (and which were inadvertently omitted from Plaintiff's Exhibit 9 that was previously filed with the Court).

14. In his declaration, Mr. Sandman suggests that my communications with the design engineer resulted in DTI losing the bid, costing DTI $165,000 in lost business. (Sandman Decl. ¶82.) Attached hereto as Exhibit 50 is a true and correct copy of the "Tabulation of Bids" for the Ball State University project referenced by Mr. Sandman. In the document, the entry for "Alternate No. 4a" references the bid for the DriTherm product, and the entry for "Alternate No. 4b" references the bid for my company's product, Gilsulate®500XR. As shown on the document, the bid for the installation of DriTherm was $61,100 – more than 30% – higher than the bid for installation of Gilsulate®500XR.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of June, 2015, at Santa Clarita, California.

*/s/ Laura Duncan*
Laura Duncan