ERNEST E. PRICE (SBN 164534)
MICHAEL T. OHIRA (SBN 126137)
ROPERS, MAJESKI, KOHN & BENTLEY
445 South Figueroa St., Suite 3000
Los Angeles, CA 90071
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email: ernest.price@rmkb.com

JOHN A. ZACCARIA (*pro hac vice*)
BRADLEY S. CORSELLO (*pro hac vice*)
NOTARO, MICHALOS & ZACCARIA PC
100 Dutch Hill Road
Orangeburg, NY 10962
Telephone: (845) 359-7700
Facsimile: (845) 359-7798
Email: bcorsello@notaromichalos.com

Attorneys for Defendants DRITHERM INTERNATIONAL, INC. and JARED SANDMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILSULATE INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DRITHERM INTERNATIONAL, INC., a New Jersey corporation; JARED SANDMAN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:13-cv-01012-RSWL-JPR<br><br>Judge: Hon. Ronald S.W. Lew<br>Complaint filed: February 12, 2013<br><br>**OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEYS'FEES PURSUANT TO CONTEMPT ORDER**<br><br>Date: October 13, 2015<br>Time: 10:00 a.m.<br>Ctrm: 21 |

4835-5686-3525.1 - i -

**OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEYS'FEES PURSUANT TO CONTEMPT ORDER**

# **TABLE OF CONTENTS**

I. STATEMENT OF FACTS ...................................................................................1

    A. The Order Does Not Find that Defendants Were In Contempt of Paragraph 3 or That Any Reseller Failed to Comply With the Injunction, nor Does the Order Award Fees to Any Party ....................1

    B. There Is No Evidence That Defendants Actually Violated Paragraph 3 of the Injunction................................................................3

II. ARGUMENT .......................................................................................................5

    A. Applicable Law ........................................................................................5

    B. No Violation of Paragraph 3 Was Found, Therefore No Fees .............6

    C. The Requested Amount is Grossly Excessive In View of the Results Obtained .......................................................................................6

III. CONCLUSION ...................................................................................................8

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

# TABLE OF AUTHORITIES

Cases                                                                                      Page

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008) ...................................................................................... 7

*General Signal Corp. v. Donallco, Inc.*,
787 F.2d 1376 (9th Cir. 1986) .................................................................................... 5

*Kerr v. Screen Extras Guild*,
526 F.2d 67 (9th Cir. 1975) ........................................................................................ 5

*Perry v. O'Donnell*,
759 F.2d 702 (9th Cir. 1985) ...................................................................................... 5

*Welch v. Metro. Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007) ...................................................................................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's motion for attorney's fees must be, respectfully, denied because the Court's order of August 25, 2015 (Doc. No. 86, the "Order") does not find that Defendants were actually in contempt of Paragraph 3 of the Stipulated Injunction. The Order does not make any factual finding that any third-party distributor, representative, or sales person was actually not in compliance with the Injunction, or that the Defendants ever actually provided DriTherm to, or sold DriTherm to or through, any such person who was not in compliance. Moreover there was and is no admissible evidence in the record to support any such findings.

Nor did the Order provide that any party was entitled to an award of its fees. Defendants were the prevailing parties on all issues except the interpretation of Paragraph 3 of the Injunction, but no award of fees was made to Defendants or any other party.

Furthermore, the amount of the fee request is grossly excessive given the limited nature of the only issue on which Plaintiff prevailed, which is the interpretation of Paragraph 3 of the Injunction.

## I. STATEMENT OF FACTS

### A. The Order Does Not Find that Defendants Were In Contempt of Paragraph 3 or That Any Reseller Failed to Comply With the Injunction, nor Does the Order Award Fees to Any Party

The recent contempt dispute was, essentially, a dispute over the meaning of the Stipulated Injunction. Under Defendants' understanding of the Injunction, they were fully and scrupulously in compliance. Under Plaintiff's understanding, the Defendants did not do a single thing correctly.

The Order resolved the dispute concerning the meaning of the Injunction. Regarding Paragraph 1, concerning testing of DriTherm and representations of its properties, the Court found that Defendants' position regarding the meaning of

4835-5686-3525.1 - 1 -

**OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO CONTEMPT ORDER**

Paragraph 1 was correct and that Plaintiff did not establish a violation of Paragraph 1 as properly construed. (Order at 7-13.)

Regarding Paragraph 3, concerning third-party resellers of DriTherm, the Court found that although "this language does not explicitly require that Defendants shall cease to provide these persons with their product should they fail to comply," the paragraph "should be read in such a manner as to reasonably obligate Defendants to require, as a condition of distributing or selling the product, that their 'distributors, representatives, and sales persons [] fully comply with all of the terms of the Injunction.'" (Order at 17.)

Accordingly, the Order concluded as follows, (Order at 19, emphasis added):

> Plaintiff has not established by clear and convincing evidence that Defendants are violating Paragraph 1 of the Injunction. Accordingly, Plaintiff's Motion for Contempt Order is DENIED as to those grounds. However, the Court finds that <u>to the extent that</u> Defendants have failed to <u>actually</u> condition their provision of DriTherm to their distributors, representatives, and sales persons on observance of the terms of the Injunction, Defendants are in violation of Paragraph 3 of the Injunction. Plaintiff's Motion for Contempt Order is therefore GRANTED as to those grounds. Defendants are hereby ordered to comply with the Injunction by ceasing all sales of DriTherm to or through all parties that have not fully complied with the terms of the Injunction to date, as well as those that do not comply with the terms of the Injunction in the future.

The Order made no factual finding that any distributor, representative, or sales persons was not actually in compliance with the Injunction. Nor did the Order make any finding that the Defendants actually provided DriTherm to, or sold DriTherm to or through, any such person after the entry of the Injunction.

Indeed, the Order specifically states that the Court did not rely on the Plaintiff's declarations and evidence in deciding the contempt motion. (Order at 6 n.1.) Therefore the Court did not rule on the Defendants' many objections to

Plaintiff's purported evidence, (Docket Nos. 74-1 & 84), which Defendants maintain in opposition to the present motion. Accordingly, the Order does not contain any fact-finding that any violation of Paragraph 3 actually occurred and was proven by admissible, clear and convincing evidence.

In briefing the contempt motion, both Plaintiff and Defendants sought an award of attorneys' fees. The Order acknowledges that "Plaintiff requests an order . . . (3) compensating Plaintiff for legal fees it has incurred in its efforts to obtain Defendants' compliance with the injunction." (Order at 3:17-23.) However, the Order does not provide that either party was entitled to an award of its fees. Even though Defendants were the prevailing parties on all issues except the meaning of Paragraph 3, no award of fees was made to Defendants.

### B. There Is No Evidence That Defendants Actually Violated Paragraph 3 of the Injunction

Even if Plaintiffs' evidence were deemed admissible and taken at face value by the Court, there is not a shred of proof therein that Defendants ever provided DriTherm to or through any of the third parties Plaintiff has complained of, or sold DriTherm to or through any of those third parties, after entry of the Injunction.

In its memorandum in support of the present motion, Plaintiff cites to certain paragraphs of the Declaration of Laura Duncan, (Docket No. 52), and to certain documentary exhibits allegedly showing "Defendants' disregard for its obligations under the Injunction." (Pl.'s Mem. at 6:3-6.) The following close review of the cited material reveals that none of it – even if it were admissible and credited by the Court – supports the view that Defendants ever provided DriTherm to, or sold DriTherm to or through, a non-compliant third party after the Injunction.

<u>Duncan Decl. ¶ 8 and Plaintiff's Exhibit 2</u>. Plaintiff admits to using a false identity to obtain a quote for DriTherm from Iowa-Illinois Taylor Insulation, who Plaintiff admits was not identified in the Settlement Agreement and would not have received notice of the Injunction. No evidence is submitted that any sale was made

on the basis of the quotation, or that Defendants were aware of the quotation, or that Defendants ever actually provided DriTherm to, or sold DriTherm to or through Iowa-Illinois Taylor Insulation after the Injunction.

<u>Duncan Decl. ¶ 9 and Plaintiff's Exhibit 3.</u>  Plaintiff admits to using a false identity to obtain a quote for DriTherm from Alsips Building Products & Services. No evidence is submitted that any sale was made on the basis of the quotation, or that Defendants were aware of the quotation, or that Defendants ever actually sold DriTherm to or through Alsips Building Products & Services after the Injunction.

<u>Duncan Decl. ¶ 10 and Plaintiff's Exhibit 4.</u>  Plaintiff admits to using a false identity to obtain a quote for DriTherm from Pacific Sales Associates.  It is alleged that after the quote, Pacific Sales erroneously provided an obsolete data sheet to Plaintiff.  (Pl.'s Exh. 4 at 8-13.)  No evidence is submitted that any sale was made on the basis of the quotation, or that Defendants provided a DriTherm quote through Pacific Sales after any provision of an obsolete data sheet by Pacific Sales, or that Defendants ever actually provided DriTherm to, or sold DriTherm to or through Pacific Sales Associates after the Injunction.

<u>Duncan Decl. ¶ 11 and Plaintiff's Exhibit 5.</u>  Plaintiff admits to using a false identity to obtain a quote for DriTherm along with an obsolete data sheet from Allied Insulation Supply Company who Plaintiff admits was not identified in the Settlement Agreement and would not have received notice of the Injunction.  No evidence is submitted that any sale was made on the basis of the quotation, or that Defendants were aware of the quotation or obsolete data sheet, or that Defendants ever actually provided DriTherm to, or sold DriTherm to or through Allied Insulation Supply Company after the Injunction.

<u>Duncan Decl. ¶ 14 and Plaintiff's Exhibit 7.</u>   Allegedly a copy of a printout from the website for 3i Supply Company.  No evidence is submitted that Defendants were aware of the website or ever actually provided DriTherm to, or sold DriTherm to or through 3i Supply Company after the Injunction.

Duncan Decl. ¶ 15 and Plaintiff's Exhibit 8. Allegedly a copy of a printout from the website for Metro Supply Company. Plaintiff does not identify any non-compliant representations by Metro Supply Company in the website. No evidence is submitted that Defendants were aware of the website or ever actually provided DriTherm to, or sold DriTherm to or through Metro Supply Company after the Injunction.

The foregoing is the entire sum and substance of Plaintiff's case against Defendants under Paragraph 3. There is no evidence there of any actual violation of Paragraph 3 as the Court has construed it, by anyone, much less the required clear and convincing evidence, and no such violation was found by the Court in its Order.

## II. ARGUMENT

### A. Applicable Law

A court may award attorneys' fees in its discretion against a contemnor as a sanction, or as a compensatory award "limited to 'actual losses sustained as a result of the contumacy.'" *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). "[T]he trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure." *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

If contempt is proven and the Court exercises its discretion to award fees, in determining the amount the Court should consider the factors set forth in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). *General Signal Corp.*, 787 F.2d at 1380. Among the twelve *Kerr* factors, and particularly relevant here, the Court should consider "the results obtained." *Kerr*, 526 F.2d at 70.

### B. No Violation of Paragraph 3 Was Found, Therefore No Fees

The Order clarifies the meaning of Paragraph 3 of the Injunction, but did not find any violation of the Injunction by the Defendants or any third-party reseller. Respectfully, it would be inappropriate to sanction Defendants where no violation has been proven or found. Nor would it be appropriate to compensate Plaintiff for "actual losses sustained as a result of the contumacy" where no contumacy has been proven or found.

Although the Plaintiff obtained a clarification of Paragraph 3 in its favor, a court would not normally award attorneys' fees to the prevailing party on a motion to clarify an order. Moreover, Defendants obtained a clarification of Paragraph 1 in its favor, and would be equally entitled to an award of attorneys' fees, if fees were ever awarded on such a basis.

### C. The Requested Amount is Grossly Excessive In View of the Results Obtained

Plaintiff seeks fees for 50% of the attorney time expended following the Injunction, reasoning that it prevailed on one of two issues. However, the record does not support the view that 50% of the expended attorney time can be reasonably allocated to clarification of Paragraph 3, the only issue on which Plaintiff prevailed. Respectfully, Plaintiff's motion should be denied in its entirety, but in the event that fees are awarded, an effort should be made to determine a reasonable allocation of attorney time to the clarification of Paragraph 3.

Plaintiff's submitted time records, (Doc. No. 92-1 Exh. 7), do not break out the time expended on clarification of Paragraph 3. However, a review of the voluminous record of correspondence, test reports, and briefing on the contempt motion will reveal that the vast majority of the effort, time and expense incurred by Plaintiff (and Defendants) concerned Paragraph 1 of the Injunction and its highly technical requirements of product testing and re-testing.

Plaintiff's memorandum in support of its motion for contempt, (Docket No. 51), devotes approximately three pages to clarification of Paragraph 3 out of twenty-five pages overall. (Pl.'s Mem. at 13:17-16:20.) Plaintiff's reply memorandum, (Docket No. 75), devotes approximately four pages to this issue out of twenty-one pages overall. (Pl.'s Reply Mem. at 6:10-10:9.) Thus, roughly 15% of Plaintiff's briefing addresses the construction of Paragraph 3.

Respectfully, if fees are awarded, they should be limited to 15% of the time spent briefing the motion for contempt, with all other time disallowed.

Plaintiff's time for sending cease-and-desist letters to DriTherm resellers should be entirely disallowed, as those letters were not relied upon or even submitted in support of the motion for contempt. (*See* Docket No. 92-1 (submitting cease-and-desist letters on September 9).) Plaintiff's time for corresponding with Defendants' counsel and for preparing and submitting fact and expert declarations and evidence should be entirely disallowed, since the Court did not rely on any of that material in deciding the motion for contempt. (Order at 6 n.1.) Time spent in preparation for a hearing should be disallowed because there was no hearing. (Docket No. 25.) Plaintiff's time for opposing Defendants' ex parte application for a continuance and briefing schedule should be disallowed because such time was not pertinent to the construction of Paragraph 3.

Moreover, Plaintiff seeks fees for twelve hours of professional time expended on the present fee motion (i.e., "fees-on-fees"). There is authority for awarding fees-on-fees in statutory fee cases. *E.g., Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.") However, this is not a statutory fee motion and our research uncovered no controlling law in this Circuit authorizing an award of fees-on-fees outside of the statutory fee context.

Respectfully, the claim for fees-on-fees should be disallowed for lack of authority to award fees-on-fees in this case.

Reviewing counsel's time records, (Doc. No. 92-1 Exh. 7), work on the contempt motion apparently began on April 17, 2015. Counsel's records employ "block billing" rather than itemizing each task individually. For certain time entries, this makes it impossible to break out time expended on matters which should be disallowed, such as Plaintiff's unused expert and fact declarations and conferring with Defendants' counsel. A court may impose an across-the-board reduction in hours for block billing if the court can explain how or why the reduction fairly balances the hours that were actually billed. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Defendant submits that it would be reasonable to impose a 50% reduction of time for block-billed entries which include time which should be disallowed.

Attachment A hereto applies the foregoing principles to counsel's time records, and calculates that 15% of the time billed for briefing the contempt motion, disallowing certain time as stated above, with a 50% reduction for block-billed entries which include disallowed time, amounts to $7,842.75.

Respectfully, no fees should be awarded at all, but any are awarded for the clarification of Paragraph 3, they should amount to no more than $7,842.75.

## III. CONCLUSION

For foregoing reasons, the Motion, respectfully, should be denied.

Respectfully submitted,

Dated: September 22, 2015

NOTARO, MICHALOS & ZACCARIA

By: /S/-Bradley S. Corsello
Bradley S. Corsello

ROPERS, MAJESKI, KOHN & BENTLEY

Attorneys for Defendants DRITHERM INTERNATIONAL, INC. and JARED SANDMAN

4835-5686-3525.1 - 9 -

**OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEYS'FEES PURSUANT TO CONTEMPT ORDER**

**Attachment A to Opposition Memorandum of Points and Authorities to
Plaintiff's Application for Award of Attorneys' Fees**

| Date | Attorney | Hours Billed | Billed Fee | Includes preparation of declarations | Includes time for meet-and-confer with DTI counsel | Block billing reduction |
|---|---|---|---|---|---|---|
| 4/17/2015 | SRWP | 3.7 | 1,202.50 | | | |
| 4/19/2015 | SRWP | 4.8 | 1,560.00 | | | |
| 4/20/2015 | SRWP | 7.6 | 2,470.00 | | | |
| 4/20/2015 | DSP | 1.8 | 765 | | | |
| 4/21/2015 | SRWP | 5.2 | 1,690.00 | | | |
| 4/22/2015 | SRWP | 4.9 | 1,592.50 | | | |
| 4/22/2015 | DSP | 0.9 | 382.5 | | | |
| 4/23/2015 | SRWP | 8.6 | 2,795.00 | | | |
| 4/24/2015 | DSP | 2.7 | 1,147.50 | | | |
| 4/27/2015 | DSP | 1.4 | 595 | | | |
| 4/29/2015 | SRWP | 7.8 | 2,535.00 | | Yes | -1267.5 |
| 5/1/2015 | DSP | 1.4 | 595 | | | |
| 5/4/2015 | SRWP | 2 | 650 | Yes | | -325 |
| 5/6/2015 | SRWP | 6.9 | 2,242.50 | | Yes | -1121.25 |
| 5/6/2015 | DSP | 2.3 | 977.5 | | Yes | -488.75 |
| 5/7/2015 | SRWP | 7 | 2,275.00 | | | |
| 5/21/2015 | SRWP | 1.6 | 520 | | | |
| 5/26/2015 | SRWP | 1.2 | 390 | | | |
| 5/27/2015 | SRWP | 12 | 3900 | Yes | | -1950 |
| 5/28/2015 | SRWP | 8.5 | 2,762.50 | Yes | | -1381.25 |
| 5/29/2015 | SRWP | 1.9 | 617.5 | Yes | | -308.75 |
| 5/29/2015 | DSP | 1.8 | 765 | | | |
| 6/3/2015 | SRWP | 7 | 2,275.00 | Yes | | -1137.5 |
| 6/5/2015 | SRWP | 1.3 | 422.5 | Yes | | -211.25 |
| 6/6/2015 | SRWP | 9 | 2,925.00 | Yes | | -1462.5 |
| 6/7/2015 | SRWP | 7.5 | 2,437.50 | Yes | | -1218.75 |
| 6/8/2015 | SRWP | 10 | 3,250.00 | Yes | | -1625 |
| 6/9/2015 | DSP | 3.2 | 1,360.00 | Yes | | -680 |
| 6/10/2015 | SRWP | 11 | 3,575.00 | Yes | | -1787.5 |
| 6/10/2015 | DSP | 5.7 | 2,422.50 | Yes | | -1211.25 |
| 6/11/2015 | SRWP | 1.8 | 585 | Yes | Yes | -292.5 |
| 6/23/2015 | SRWP | 4 | 1,300.00 | | | |
| 6/24/2015 | SRWP | 3.5 | 1,137.50 | | | |
| 6/25/2015 | SRWP | 4.5 | 1,462.50 | Yes | | -731.25 |
| 6/25/2015 | DSP | 4.2 | 1,785.00 | | | |

| 6/26/2015 | SRWP | 7 | 2,275.00 | | | |
|---|---|---|---|---|---|---|
| 6/26/2015 | DSP | 2.6 | 1,105.00 | | | |
| 6/27/2015 | SRWP | 7.5 | 2,437.50 | Yes | | -1218.75 |
| 6/28/2015 | SRWP | 8.5 | 2,762.50 | Yes | | -1381.25 |
| 6/29/2015 | SRWP | 13.5 | 4,387.50 | Yes | | -2193.75 |
| 6/29/2015 | DSP | 5.2 | 2,210.00 | Yes | | -1105 |
| 6/30/2015 | SRWP | 12.5 | 4,062.50 | Yes | | -2031.25 |
| 6/30/2015 | DSP | 3.8 | 1,615.00 | Yes | | -807.5 |

Billed fees minus block billing reduction, times 15% = $7842.75