**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILSULATE INTERNATIONAL, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DRITHERM INTERNATIONAL, INC., a New Jersey corporation; JARED SANDMAN, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CV 13-01012 RSWL (JPRx)<br><br>**ORDER re: DEFENDANTS' MOTION TO VACATE FEE ORDER** [101] |

    Before the Court is Defendants Dritherm International, Inc. and Jared Sandman's ("Defendants") Motion to Vacate Fee Order ("Motion") [101]. This Motion was filed on January 14, 2016. This Court determined the motion was suitable for decision without oral argument and thus took the Motion off-calendar on February 9, 2016.

    In the present Motion, Defendants request, pursuant to Federal Rules of Civil Procedure Rule 59(e), that this Court vacate its previous Order [99] granting in

part Plaintiff's Application for Attorneys' Fees [88] ("Fee Order"). This Court granted in part Plaintiff Gilsulate International, Inc.'s ("Plaintiff") Application for Attorneys' Fees following an earlier Order [86] ("Contempt Order") in which Defendants were found in contempt of the parties' Stipulated Permanent Injunction [49]. Defendants have additionally filed a Notice of Appeal [100], indicating that they are appealing both the Contempt Order and the Fee Order to the United States Court of Appeals for the Ninth Circuit. Notice of Appeal 1:23-2:12, ECF No. 100.

**I.  BACKGROUND**

On February 12, 2013, Plaintiff filed this Action against Defendants alleging, among other things, violations of the Lanham Act. See generally Compl., ECF No. 1. On the eve of trial, Plaintiff and Defendants reached a settlement that provided for the entry of a Judgment for Stipulated Permanent Injunction against Defendants (the "Permanent Injunction"). The Permanent Injunction [49] was entered by this Court on May 29, 2014.

On June 10, 2015, Plaintiff brought its Motion to Enforce Judgment for Permanent Injunction and for Contempt Order ("Motion for Contempt"), seeking to have Defendants held in contempt for violating two provisions fo the Permanent Injunction, specifically Paragraphs 1 and 3. See generally Mot. for Contempt, ECF No. 51.

1    On August 25, 2015, this Court issued an Order
2 ("Contempt Order") in which it found that although
3 there was not sufficient evidence to conclude that
4 Defendants were in violation of Paragraph 1 of the
5 Permanent Injunction, that "Defendants are in violation
6 of Paragraph 3 of the Injunction". Contempt Order
7 18:27-19:15. As such, this Court granted Plaintiff's
8 Motion for Contempt as to Paragraph 3. Id.
9    Plaintiff subsequently filed an Application for
10 Attorneys' Fees Pursuant to Contempt Order
11 ("Application for Attorneys' Fees" or "Application")
12 [87]. In their Opposition to Plaintiff's Application,
13 Defendants argued that this Court's previous Contempt
14 Order did not actually find that Defendants were in
15 contempt of the Permanent Injunction. See Opp'n 1:1-
16 6:12, ECF No. 96. Rather, Defendants argued the
17 Contempt Order merely "clarifie[d] the meaning of
18 Paragraph 3 of the Injunction." Id. at 6:2. In
19 granting in part Plaintiff's Application for Attorneys'
20 Fees, this Court succinctly rejected Defendants'
21 argument, stating "[t]his argument is without merit.
22 This Court clearly stated 'Defendants are in violation
23 of Paragraph 3 of the Injunction,' and in so finding,
24 granted Plaintiff's Motion for Contempt Order in part."
25 Order dated 12/17/15, 9:11-25, ECF No. 99.
26    Now, Defendants bring the present Motion to Vacate
27 Fee Order [101], arguing that in granting in part
28 Plaintiff's Application, the Court "manifestly erred"

by, essentially, misunderstanding its own ruling in the Contempt Order. Mot. to Vacate 1:18-21.

**II. DISCUSSION**

In both the Fee Order and the Contempt Order, this Court addressed Defendants' argument that Defendants did not, in fact, violate the Permanent Injunction. In its Contempt Order, this Court explicitly stated: "Defendants are in violation of Paragraph 3 of the Injunction," and in so finding, granted Plaintiff's Motion for Contempt Order in part. See Order dated 8/25/15, 9:11-25, ECF No. 86. Furthermore, in its Fee Order, the Court reiterated its earlier ruling, stating: "[t]his Court found in its previous Order that Defendants were in violation of Paragraph 3 of the Injunction, and thus were in civil contempt. Accordingly, this Court may, within its discretion, award Plaintiff attorneys' fees to compensate it for the 29.9 hours spent 'bringing the violation to the attention of the court' and obtaining Defendants' compliance with Paragraph 3 of the Injunction." Order dated 12/17/15 11:16-24, ECF No. 99 (quoting Order dated 8/25/15, 18:27-19:10, ECF No. 86).

A. <u>Defendants' Motion is denied because Defendants have simultaneously appealed the issue to the Ninth Circuit.</u>

Federal Rules of Civil Procedure Rule 62.1 provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal

4

that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

As Defendants have appealed this Court's Fee Order to the Ninth Circuit for review, this Court is divested of its jurisdiction over the matter pending resolution of the appeal and may summarily deny the Motion. Accordingly, this Court **DENIES** Defendants' Motion to Vacate Fee Order [101].

B. <u>Defendants are liable for the award in this Court's Fee Order, pending resolution of their appeal.</u>

Generally, money judgments are enforceable while an appeal is pending unless the appealing party moves to stay enforcement of the order or judgment, and posts a supersedeas bond in support of the stay motion. Federal Rule of Appellate Procedure Rule 8 provides: "A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a supersedeas bond; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1). In the alternative, "[a] motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges. The motion must: (i) show that

moving first in the district court would be impracticable; or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action." Fed. R. App. P. 8(a)(2).

Federal Rule of Civil Procedure Rule 62 provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).[1] "This rule does not limit the power of the appellate court or one of its judges or justices: (1) to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending; or (2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered." Fed. R. Civ. P. 62(g).

This Court finds Defendants' Motion to Vacate [101] is improper. In order to be temporarily relieved from this Court's Fee Order while the issue is on appeal,

---

[1] Actions described under Rule 62(a)(1) and (2) include: "(1) an interlocutory or final judgment in an action for an injunction or a receivership; or (2) a judgment or order that directs an accounting in an action for patent infringement." Fed. R. Civ. P. 62(a)(1), (2).

1 Defendants were required to file a motion to stay with
2 this Court, or the correlating alternative with the
3 appellate court, and additionally put forth a
4 supersedeas bond.  See American Mfrs. Mut. Ins. Co. v.
5 American Broad. Paramoutn Theaters, Inc., 87 S.Ct. 1, 3
6 (1966)("With respect to a case arising in the federal
7 system it seems to be accepted that a party taking an
8 appeal from the District Court is entitled to a stay of
9 a money judgment as a matter of right if he posts a
10 bond in accordance with Fed. R. Civ. P. 62(d) . . .
11 ."); see also Bass v. First Pac. Networks, Inc., 219
12 F.3d 1052, 1055 (9th Cir. 2000)(holding that Rule 62(d)
13 is a "purely procedural mechanism to preserve the
14 status quo during a stay pending appeal of a district
15 court decision.").  Defendants did not properly file a
16 motion to stay with this Court, nor did they post a
17 supersedeas bond.  Rather, Defendants simply filed the
18 present Motion to Vacate Fee Order, along with a Notice
19 of Appeal to the Ninth Circuit.
20      It is clear that Defendants' present Motion is
21 procedurally improper, and thus this Court **DENIES**
22 Defendants' Motion for this additional reason.
23 Furthermore, as Defendants have neither requested a
24 stay nor put forth a supersedeas bond, Defendants
25 remain liable to Plaintiff, in accordance with this
26 Court's Fee Order, for a total of $59,895.00.  See
27 Order dated 12/17/15, 30:11-13, ECF No. 99.  This Court
28

thus orders Defendants to submit proof of payment of such fees to this Court within thirty (30) days of the entry of this Order.

C. <u>This Court denies Plaintiff's request for attorneys' fees incurred in responding to Defendants' Motion to Vacate Fee Order.</u>

In its Opposition to Defendants' Motion to Vacate Fee Order [104], Plaintiff requests an additional award of attorneys' fees. Specifically, Plaintiff requests: "all attorneys' fees and costs incurred in opposing this Motion to Vacate, the total amount of which would be detailed in a separate declaration to be filed upon the completion of all activity in connection with the Motion to Vacate." Reply 6:20-24, ECF No. 105.

As discussed above, Defendants' appeal of this Court's Fee Order divests this Court of jurisdiction on the issue. Therefore, it would be improper for this Court to grant Plaintiff's request for additional attorneys' fees at this juncture.[2]

---

[2] However, if this Court were not divested of its jurisdiction by the pending appeal, this Court would find additional attorneys' fees to be warranted. Defendants brought the present Motion based solely on the argument proffered in prior filings, that this Court erred in finding Defendants violated the Permanent Injunction. This Court has already reviewed and evaluated this argument, and has expressly rejected it as being without merit. As Defendants continue to put forth the same argument in the present Motion, whilst simultaneously appealing this Court's Fee Order to the Ninth Circuit, Defendants have caused Plaintiff to incur unnecessary fees. As this Court noted in its previous Fee Order, fees may be awarded when incurred in both obtaining Defendants' compliance with this

Accordingly, this Court **DENIES** Plaintiff's request for additional attorneys' fees incurred in responding to Defendants' Motion to Vacate Fee Order.

**IT IS SO ORDERED.**

DATED: March 1, 2016   /s/ RONALD S.W. LEW
  **HONORABLE RONALD S.W. LEW**
  Senior U.S. District Court Judge

---

Court's Permanent Injunction, and in preparing and litigating a correlating motion for attorneys' fees. See Order dated 12/17/15, 4:3-7:23, ECF No. 99. Thus, this Court would compensate Plaintiff for fees incurred in responding to Defendants' present Motion, as such fees fall within both aforementioned categories. Accordingly, this Court would exercise its discretion to grant Plaintiff's request for an award of fees incurred in responding to Defendants' repetitive, procedurally improper, and meritless motion.